■ Douglas Schultze, Appellant, v 585 West 214th Street Owners Corp. et al., Respondents. (And a Third-Party Action.) [644 NYS2d 722]

The evidence submitted by plaintiff in support of the motion for summary judgment on the issue of liability under Labor Law § 240 (1) established that plaintiff fell 16 feet to the ground when the unsecured ladder he was descending slipped out from under him. The alternative version of the accident offered by defendants, that the portion of the planking of the elevated sidewalk bridge against which the ladder was leaning slipped or gave way and thereby caused the ladder to slip, rather than raise a question of fact, requires a finding of liability under the statute as well. It is well settled that failure to properly secure a ladder to insure that it remains steady and erect while being used, constitutes a violation of Labor Law § 240 (1) (*Fernandez v MHP Land Assocs.*, 188 AD2d 417; *Bryan v City of New York*, 206 AD2d 448). Whether the ladder slipped on its own, or the platform against which it leaned, or may have even been secured, slipped or gave way, makes no difference with respect to defendants' liability. Defendants were obligated to ensure that the ladder was secured to something stable (*see, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 560-562). *Avner v 93rd St. Assn.* (147 AD2d 414) is inapplicable, as the question of fact discerned by this Court in that case was whether the proximate cause of the accident was the shifting of the ladder, as alleged by the plaintiff therein, or the falling of the pipe that knocked the plaintiff and the ladder to the ground, as stated in documentary evidence submitted by the defendant. In this matter, none of the evidence submitted even suggested an intervening cause. The only cause of the accident shown was the improper placement of the ladder. Concur—Milonas, J. P., Rosenberger, Ross and Tom, JJ.