■ TOMASZ WASILEWSKI et al., Appellants, v MUSEUM OF MODERN ART, Respondent and Third-Party Plaintiff-Respondent. T & L GENERAL CONTRACTING, INC., Third-Party Defendant-Respondent. [688 NYS2d 547] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about April 15, 1998, which, insofar as appealed from, denied plaintiffs' motion for partial summary judgment on their Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs, and that branch of the motion granted.

Plaintiff made a prima facie showing that defendant, the owner of the premises in which plaintiff was working, and third-party defendant, the contractor by whom plaintiff was employed, violated Labor Law § 240 (1), and that the violation was a proximate cause of the accident. The "failure to properly secure a ladder, to ensure that it remain steady and erect while being used, constitutes a violation of Labor Law § 240 (1)" (*Kijak v 330 Madison Ave. Corp.*, 251 AD2d 152, 153, citing *Schultze v 585 W. 214th St. Owners Corp.*, 228 AD2d 381). Here, as in *Kijak* (*supra*), defendant and third-party defendant offered no evidence to controvert plaintiff's assertion that no one was holding the 8 to 10 foot A-frame ladder from which plaintiff fell, that the ladder was not secured to something stable and was not chocked or wedged in place, and that no other safety devices, such as safety belts, were provided. The fact that the ladder may have had a brace in the middle to keep it open is immaterial.

Furthermore, on the question of whether the violation was a proximate cause of the accident, plaintiff's account of the accident, in which he stated that the ladder shook and moved,

precipitating his fall to the floor, is sufficient to establish that defendant's and third-party defendant's breach was a contributing factor. While a verdict should not be directed, nor summary judgment granted, where "a reasonable jury could have concluded that plaintiff's actions were the sole proximate cause of his injuries, and consequently that liability under Labor Law § 240 (1) did not attach" (*Weininger v Hagedorn & Co.*, 91 NY2d 958, 960), here there is no view of the evidence that supports a finding that plaintiff's actions were the sole cause of his injuries. Contrary to defendant's and third-party defendant's position, and the conclusion of the motion court, the testimony of Tadeusz Gawel, plaintiff's supervisor, does not provide an alternative to plaintiff's version of the accident. Gawel said only that plaintiff told him he slipped, which is not inconsistent with plaintiff's version that he slipped after the ladder moved forward.

Nor is there necessarily a conflict created by Gawel's testimony that the ladder nearest plaintiff was standing when he arrived. Gawel admitted that other men arrived on the scene first, and that he did not know if one of them picked up the ladder. Nor did plaintiff ever say the ladder fell; rather, he stated that he did not know what happened to it after he fell, "but I think it was parallel to me". In any event, the factual question of whether the ladder fell is immaterial to the issue of whether defendant is liable for its breach.

Since defendant fails to set forth a conflicting theory with supporting evidentiary materials, other than mere speculation, as to how the accident occurred, and since the alleged contradictions do not raise bona fide credibility issues regarding plaintiff's testimony, the IAS Court erred in denying partial summary judgment (*Rodriguez v Forest City Jay St. Assocs.*, 234 AD2d 68; *Urrea v Sedgwick Ave. Assocs.*, 191 AD2d 319; *Figueroa v Manhattanville Coll.*, 193 AD2d 778). Concur— Tom, J. P., Mazzarelli, Andrias and Saxe, JJ.