■ Antonio Dasilva et al., Respondents, v A.J. Contracting Co. et al., Appellants. [694 NYS2d 353] —Order, Supreme Court, New York County (Carol Huff, J.), entered on or about November 23, 1998, which granted plaintiffs' motion for partial summary judgment as to liability upon their claim pursuant to Labor Law § 240 (1), unanimously affirmed, without costs.

It is uncontradicted that plaintiff, while performing demolition work, was injured when the unsecured A-Frame ladder he was standing on was struck by a section of pipe he had cut, causing him to fall. Plaintiff had not been provided with safety devices, nor was anyone holding the ladder. The failure to properly secure a ladder so as to hold it steady and erect during its use constitutes a violation of Labor Law § 240 (1) (*Kijak v 330 Madison Ave. Corp.*, 251 AD2d 152). Here, the absence of adequate safety devices was a substantial and, given the nature of the work being performed, foreseeable cause of plaintiff's fall and injury (*see, LaFleur v Consolidated Edison Co.*, 221 AD2d 250). The striking of the ladder by a pipe cut

during the ongoing demolition was not such an extraordinary event as to constitute a superceding cause and, accordingly, it cannot be said that plaintiff's actions in cutting the pipe were the sole proximate cause of his injuries (*see, Wasilewski v Museum of Modern Art*, 260 AD2d 271.) Concur—Nardelli, J. P., Williams, Tom, Wallach and Andrias, JJ.