■ GUILLERMO ORELLANO et al., Appellants-Respondents, v 29 EAST 37TH STREET REALTY CORP. et al., Respondents and Third-Party Plaintiffs-Respondents. SCALA CONSTRUCTION CORP., Third-Party Defendant-Respondent-Appellant. [740 NYS2d 16] —Order, Supreme Court, Bronx County (George Friedman, J.), entered November 9, 2000, which denied plaintiff's motion for partial summary judgment on liability pursuant to Labor Law § 240 (1) and denied the motion of third-party defendant Scala Construction Corp. for summary judgment dismissing the complaint, unanimously modified, on the law, to grant plaintiff's motion for summary judgment on liability pursuant to Labor Law § 240 (1), and otherwise af-

firmed, without costs. Appeal from order, same court and Justice, entered June 6, 2001, denying third-party defendant's motion to reargue, unanimously dismissed, without costs.

Plaintiff Guillermo Orellano, a construction worker, was injured when he fell from an A-frame ladder while installing a light fixture as part of a renovation project at 29 East 37th Street. There were no apparent defects in the ladder, nor was the floor on which the ladder rested defective. There were no protective devices on the ladder that would have prevented plaintiff's fall. Orellano, who was alone when the accident occurred, gave several explanations as to what caused him to fall. The ladder may have shifted as Orellano reached to affix a bolt that was the furthest from where he was standing on the ladder, or his foot may have slipped from the ladder's rung, or he may have simply lost his balance.

Plaintiffs moved for partial summary judgment on liability under section 240 (1) of New York's Labor Law, which the motion court denied on the grounds that Orellano's renditions of how the accident occurred, as well as the possibility that his own negligence could be found by a jury to have been the sole proximate cause of his injury, rendered summary judgment inappropriate.

Third-party defendant, Scala Construction Corp. (Scala), also moved for summary judgment dismissing the complaint, contending that there could be no violation of section 240 (1) unless there was a defect in the ladder or a violation of the New York State Industrial Code. The motion court denied Scala's motion for summary judgment and, subsequently, its motion for reargument.

Regardless of the precise reason for his fall or whether Orellano acted negligently, or whether defendants were in complete compliance with the Industrial Code, Orellano is entitled to summary judgment on the Labor Law § 240 (1) claim.

New York's "Scaffolding Law," set forth in section 240 (1) of the State's Labor Law, imposes absolute liability on owners, contractors and their agents for injuries to workers engaged in "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure," which result from falls from ladders, scaffolding, or other similar elevation devices that do not provide "proper protection" against such falls (*Haimes v New York Tel. Co.,* 46 NY2d 132; *Beckford v City of New York,* 261 AD2d 158).

Scala's contention that plaintiff was required to show that the ladder from which he fell was defective in some manner or that defendants violated some rule of the Industrial Code is

not the law. It is sufficient for purposes of liability under section 240 (1) that adequate safety devices to prevent the ladder from slipping or to protect plaintiff from falling were absent (*see, Dasilva v A.J. Contr. Co.*, 262 AD2d 214; *Wasilewski v Museum of Modern Art*, 260 AD2d 271; *Schultze v 585 W. 214th St. Owners Corp.*, 228 AD2d 381).

Similarly, the motion court's denial of plaintiff's motion for summary judgment on liability under section 240 (1) on the ground that a jury might find Orellano's actions were the sole proximate cause of his injuries was error. As the Court of Appeals has instructed, where the owner or contractor has failed to provide adequate safety devices to protect workers from elevation-related injuries and that failure is *a* cause of plaintiff's injury, "[n]egligence, if any, of the injured worker is of no consequence." (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 524.)

In addition, possible discrepancies in Mr. Orellano's description of how or why he fell off the ladder are irrelevant since there is no dispute that his injuries were caused by his fall. *Manna v New York City Hous. Auth.* (215 AD2d 335), which presented questions of whether plaintiff's injuries were caused by any violation of section 240 (1), is thus inapposite.

Plaintiffs are entitled, therefore, to summary judgment on liability under section 240 (1). Scala's appeal from the motion court's order denying Scala's motion to reargue the denial of its summary judgment motion should be dismissed as no appeal will lie from such an order (*see, M & J Trimming v Kew Mgt. Corp.*, 254 AD2d 21; *see also*, CPLR 5701 [a] [2] [viii]). Concur—Saxe, J.P., Rosenberger, Ellerin and Marlow, JJ.