■ ALBERT WISE, Appellant, v 141 McDONALD AVENUE, LLC, et al., Respondents. [748 NYS2d 539]

Plaintiff, a construction worker, was performing "layout" work on the second floor of a three-story building under construction at 141 McDonald Avenue, Brooklyn, New York, when he was injured. Defendant 141 McDonald Avenue, LLC is the owner of the property, and defendant P.L.P. Reconstruction Corp. was the general contractor.

Plaintiff maintains that the stairwells in the structure were marked out, but not yet in place, and that in order to get to and from the first floor to the second floor, the workers had to use a ladder. Plaintiff avers that the ladder was made of wood, was the length of the distance between the floors, and was leaning against concrete blocks on the second floor at an angle with the first floor, where it rested in the space marked out for a first-floor stairwell. Plaintiff contends that the ladder was unsecured and unanchored, had no footings, braces or treads, was not attached to any part of the structure, and there were no scaffolds, safety nets, belts, lines, planking or other devices for the workers' protection while using the ladder. Moreover, the ladder was not supported by a coworker when plaintiff used it to get to and from his work site on the second floor.

On September 15, 1999, at approximately 3:30 P.M., plaintiff

alleges that he was descending the ladder from the second to the first floor and that when he stepped on the second rung from the top, the ladder suddenly shifted and tilted to the left, throwing him off balance, and causing him to fall 30 feet to the basement below.

Plaintiff was the sole witness to the accident. Defendant, in opposition to plaintiff's motion, relied on the deposition testimony of David Kleinman, the vice-president of defendant P.L.P. Reconstruction Corp., who testified that he used the ladder on numerous occasions and that it was the only means by which the workers could proceed from one floor to another; that the ladder did not have rubber feet, nonskid treads, or other safety devices; that the ladder was tied down "from time to time"; and that he heard about plaintiff's fall, via telephone, from a Joseph Lammica, a partner of defendant 141 McDonald Avenue, LLC, who, in turn, had received a telephone call from Louis, who was employed by a subcontractor. Kleinman, who conceded he had no idea how Louis found out about the accident, subsequently asked Louis how plaintiff fell. Louis purportedly explained that plaintiff's tool belt or bag got caught and when it came loose, it fell to the sub-ground level and that its weight caused plaintiff to fall with it.

The purpose of Labor Law § 240 is to protect workers by placing the " 'ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor' (1969 NY Legis Ann, at 407), instead of on workers, who 'are scarcely in a position to protect themselves from accident' " (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 520, quoting *Koenig v Patrick Constr. Corp.*, 298 NY 313, 318). Thus, Labor Law § 240 (1) is to be construed as liberally as necessary to accomplish the purpose for which it was framed (*Lombardi v Stout*, 80 NY2d 290, 296; *Kyle v City of New York*, 268 AD2d 192, 195, *lv denied* 97 NY2d 608).

In *Kijak v 330 Madison Ave. Corp.* (251 AD2d 152, 153), this Court held that "[w]here a ladder is offered as a work-site safety device, it must be sufficient to provide proper protection. It is well settled that failure to properly secure a ladder, to ensure that it remain steady and erect while being used, constitutes a violation of Labor Law § 240 (1)" (*see also Wasilewski v Museum of Modern Art*, 260 AD2d 271; *Schultze v 585 W. 214th St. Owners Corp.*, 228 AD2d 381).

In this matter, plaintiff has clearly established a prima facie case for liability under section 240 (1) and defendant, in opposition, has offered nothing more than mere speculation as to

what might have occurred. Indeed, even if we were to accept defendant's speculative version of events, summary judgment would still be warranted in view of the lack of safety devices and equipment. Moreover, there is no evidence whatsoever to indicate that plaintiff's conduct was the sole proximate cause of the accident and, since liability under section 240 (1) is absolute, rendering contributory negligence irrelevant (*Angeles v Goldhirsch*, 268 AD2d 217; *Wasilewski v Museum of Modern Art*, 260 AD2d at 271-272), partial summary judgment on the issue of liability should have been granted. We further note that the fact that plaintiff was the sole witness to the accident does not prelude summary judgment on his behalf (*Cruz v Turner Constr. Co.*, 279 AD2d 322, 323; *Klein v City of New York*, 222 AD2d 351, 352, *affd* 89 NY2d 833). Concur—Nardelli, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ.