■ RENE MONTALVO et al., Appellants, v J. PETROCELLI CONSTRUCTION, INC., Respondent. [780 NYS2d 558]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered December 10, 2002, which granted defendant's motion for summary judgment dismissing plaintiffs' complaint, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated, and, upon a search of the record pursuant to CPLR 3212 (b), partial summary judgment is awarded to plaintiff on the issue of liability on his Labor Law § 240 (1) cause of action.

Plaintiff Rene Montalvo, a sheet metal journeyman employed by nonparty Precision Mechanical, Inc., was injured on April 20, 2000 while working on a construction project at a public school in Staten Island. Defendant J. Petrocelli Construction, Inc. (Petrocelli) was hired by the New York City School Construction Authority as the general contractor on the project.

On the date of the accident, plaintiff and a coworker were in the process of installing new ductwork for the school's heating and air conditioning system. Plaintiff was standing on an A-frame ladder approximately six feet above the floor, holding a plenum, which is a galvanized metallic casing into which the ductwork can be attached. As plaintiff held the plenum, his coworker, standing on another ladder, used a mechanized tool to cut a hole in it. As his partner cut the plenum, which weighed 40 to 50 pounds, it came loose from plaintiff's grasp and fell, hitting both the ladder and plaintiff. When the plenum hit the ladder, causing it to shake, plaintiff was thrown forward and he extended his right arm to break his fall. He did not fall off the ladder. Plaintiff hyperextended his right arm, resulting in a dislocated right shoulder and torn rotator cuff. According to

plaintiff, the ladder was not secured in any manner prior to the accident.

Plaintiff instituted the instant action for personal injuries alleging causes of action in common-law negligence and for violations of sections 200, 240 (1) and 241 (6) of the Labor Law.* Petrocelli moved for summary judgment, arguing, inter alia, that plaintiffs' claims under Labor Law § 240 (1) were deficient because this case did not involve either a "falling object" resulting from the absence of adequate hoisting or securing devices, or a "falling worker" arising from the absence of a ladder, or the presence of a defective one. Petrocelli further argued that the section 241 (6) claim should be dismissed since plaintiffs have not shown that any Industrial Code provisions are applicable. Plaintiff submitted opposition, arguing that the improperly secured ladder established a section 240 (1) violation as a matter of law and that the Industrial Code section relied upon was indeed applicable.

Supreme Court granted Petrocelli's motion and dismissed the complaint. Because plaintiff did not fall off the ladder, the court analyzed this case as a "falling object" case, and held that the injury in this case did not result from the failure to provide adequate safety devices to prevent an object that is being hoisted from falling. The court summarily dismissed plaintiffs' claims under Labor Law § 241 (6). We reverse.

Labor Law § 240 (1) mandates that owners and contractors provide "devices which shall be so constructed, placed and operated as to give proper protection to" persons performing work covered by the statute (*Kijak v 330 Madison Ave. Corp.*, 251 AD2d 152, 153 [1998]). "Where a ladder is offered as a worksite safety device, it must be sufficient to provide proper protection. It is well settled that [the] failure to properly secure a ladder, to ensure that it remain steady and erect while being used, constitutes a violation of Labor Law § 240 (1)" (*id.*, citing *Schultze v 585 W. 214th St. Owners Corp.*, 228 AD2d 381 [1996]).

In the instant case, plaintiffs did not rely on a "falling object" theory of liability, but rather alleged that Petrocelli's failure to properly secure the ladder by having someone hold it or by the provision of some other safety device led to its unsteadiness, and ultimately, to his injury. Contrary to the suggestion of the motion court, plaintiffs were not required to show that the ladder on which he was standing was defective (*Orellano v 29 E. 37th St. Realty Corp.*, 292 AD2d 289, 290-291 [2002]), or that

---

* Plaintiffs withdrew their common-law negligence and Labor Law § 200 claims prior to Supreme Court's decision on the motion giving rise to this appeal.

plaintiff fell completely off the ladder to the floor (*see Pesca v City of New York*, 298 AD2d 292, 293 [2002] [although plaintiff did not fall off ramp, injuries sustained in preventing himself from falling are compensable under section 240 (1), if they resulted from a failure to provide proper safety device]; *Lacey v Turner Constr. Co.*, 275 AD2d 734, 735 [2000]).

"It is sufficient for purposes of liability under section 240 (1) that adequate safety devices to prevent the ladder from slipping or to protect plaintiff from falling were absent" (*Orellano v 29 E. 37th St. Realty Corp.*, 292 AD2d at 291; *see also Dasilva v A.J. Contr. Co.*, 262 AD2d 214 [1999]; *Schultze v 585 W. 214th St. Owners Corp.*, 228 AD2d 381 [1996]). As the uncontradicted evidence establishes that Montalvo was injured, at least in part, due to the failure of Petrocelli to provide adequate safety devices to secure the ladder on which he was working, and since the risk created by such failure is one that it is covered by the statute (i.e., falling), plaintiffs have established a violation of section 240 (1) as a matter of law (*see MacNair v Salamon*, 199 AD2d 170, 171-172 [1993]; *Fernandez v MHP Land Assoc.*, 188 AD2d 417, 418 [1992]; *see generally Bland v Manocherian*, 66 NY2d 452 [1985]).

Nor does the fact that the accident was precipitated by the falling plenum eliminate Petrocelli's negligence as a proximate cause of Montalvo's accident (*see Dasilva v A.J. Contr. Co.*, 262 AD2d 214, 214-215 [1999]). In *Dasilva*, the plaintiff fell off an unsecured ladder when a section of pipe he was cutting fell off and hit the ladder. In granting plaintiff partial summary judgment on liability on his Labor Law § 240 (1) claim, this Court held that "[t]he striking of the ladder by a pipe cut . . . was not such an extraordinary event as to constitute a superceding cause and, accordingly, it cannot be said that plaintiff's actions in cutting the pipe were the sole proximate cause of his injuries (*see Wasilewski v Museum of Modern Art*, 260 AD2d 271)" (*Dasilva*, 262 AD2d at 214-215).

Likewise, because the actions of Montalvo and his coworker with respect to the plenum in this case were not a superseding cause under the circumstances, proximate cause is established as a matter of law (*see Blake v Neighborhood Hous. Servs.*, 1 NY3d 280, 290 [2003] [it is "conceptually impossible" for there to be both a statutory violation that serves as a proximate cause of plaintiff's injury and an act by plaintiff that serves as the "sole" proximate cause of the injury]).

Although plaintiffs did not cross-move for partial summary judgment on their Labor Law § 240 (1) claim, this Court, upon a search of the record pursuant to CPLR 3212 (b), is authorized

to grant partial summary judgment upon a finding that plaintiffs have established entitlement to judgment as a matter of law, and we grant such relief.

We find, however, that a triable issue of fact remains as to plaintiffs' Labor Law § 241 (6) claim. Plaintiffs have identified a specific Industrial Code provision with concrete specifications that Petrocelli is alleged to have violated (12 NYCRR 23-1.21 [b] [4] [iv]), and assert facts in opposition to Petrocelli's motion which support the applicability of this provision. Further, an issue of fact exists as to whether a violation of this provision was the proximate cause of Montalvo's injury (cf. *Gonzalez v Stern's Dept. Stores, Inc.*, 211 AD2d 414, 415 [1995]). Moreover, contrary to Supreme Court's suggestion, the fact that Petrocelli did not supervise or control the work of plaintiff Montalvo is not a ground to dismiss plaintiffs' causes of action under section 241 (6) (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 350 [1998]). Accordingly, Petrocelli's motion to dismiss the Labor Law § 241 (6) cause of action should have been denied. Concur—Nardelli, J.P., Saxe, Sullivan and Gonzalez, JJ.