■ STEVEN POTTER et al., Appellants, v NYC PARTNERSHIP HOUSING DEVELOPMENT FUND COMPANY, INC., et al., Respondents, et al., Defendant. [786 NYS2d 438]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered May 27, 2004, which denied plaintiffs' motion for summary judgment on their Labor Law § 240 (1) cause of action, and sua sponte dismissed said cause of action, and granted defendants' cross motion for summary judgment dismissing plaintiffs' Labor Law § 241 (6) cause of action, unanimously modified, on the law, the Labor Law § 240 (1) and § 241 (6) causes of action reinstated, and otherwise affirmed, without costs.

Plaintiff was injured while performing his duties as a carpenter during the construction of a townhouse. He commenced the instant action alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6) and common-law negligence against various defendants, including the owner of the property, the sponsor of the construction project, the realtor and the general contractor.

On the date of the accident, plaintiff was charged with framing, sheetrocking and installing doors and windows on the second floor of an incomplete townhouse. To access his work area, plaintiff used a wooden ladder, which was 12 to 14 feet in height, and was composed of wooden 2 x 4s. After his workday was completed, plaintiff attempted to descend the ladder, while carrying his tools in a bucket, which weighed five to seven pounds. According to his deposition testimony, plaintiff placed his left foot on one of the rungs so that he was facing the ladder. He then placed his right hand on the "right stringer of the ladder" to steady himself and, as he began to bring his right foot over to the ladder, his left foot slipped on a wet rung and he fell 10 to 12 feet to the floor, injuring his left knee.

According to plaintiff's foreman and the project manager, however, plaintiff told them that as he was descending the ladder he heard a "crack" in his knee, and, after hearing the crack, he "hopped" or otherwise lowered himself from the ladder and sat down on the floor. The hospital records indicate that plaintiff had reported a "pop" in his knee, but also state that he fell off the ladder. At his deposition, plaintiff denied hearing any "crack" in his knee prior to falling from the ladder.

Insofar as relevant to this appeal, Supreme Court dismissed the section 240 (1) claim, sua sponte, because the injured plaintiff's testimony and his expert affidavit failed to make a prima facie showing of a statutory violation or proximate cause. Supreme Court also granted defendants' cross motion to dismiss the section 241 (6) claim, finding all but one of the Industrial Code sections relied upon by plaintiff too general to support liability. The court found no liability under the only specific section, Industrial Code (12 NYCRR) § 23-1.21 (c) (2) (ii) (a), because there was no showing of a violation of this section or proximate cause.

The motion court erred in sua sponte dismissing plaintiffs' Labor Law § 240 (1) claim. "It is sufficient for purposes of liability under section 240 (1) that adequate safety devices to prevent the ladder from slipping or to protect plaintiff from falling were absent" (*Orellano v 29 E. 37th St. Realty Corp.*, 292 AD2d 289, 291 [2002]; *see also Montalvo v Petrocelli Constr.*, 8 AD3d 173, 175 [2004]). In light of plaintiffs' evidence showing that the ladder was not equipped with any safety devices, such as nonslip treads, and his assertion that he fell off the ladder while descending it, it cannot be said as a matter of law that the subject ladder provided "proper protection" as required by section 240 (1).

Nevertheless, plaintiffs' motion for summary judgment on the

section 240 (1) claim was properly denied. The multiple versions of the accident given by plaintiff and others, two of which indicate that he did not even fall from the ladder, are sufficient to raise triable issues as to whether his injury was proximately caused by defendants' failure to protect against elevation-related risks (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287-289 [2003]; *Melber v 6333 Main St.*, 91 NY2d 759, 763 [1998]).

Dismissal of plaintiffs' Labor Law § 241 (6) claim also was error. The injured plaintiff's deposition testimony and expert affidavit supported the allegation that the ladder used by plaintiff violated Industrial Code (12 NYCRR) § 23-1.21 (c) (2) (ii) (a), which requires that the rungs on a ladder be between 12 to 14 inches apart. Contrary to defendants' argument, the expert's affidavit was not rendered speculative by his failure to examine the ladder, since the expert reviewed photos of the subject ladder and plaintiff identified them as accurate representations.

As defendants failed to meet their burden of demonstrating either that no Industrial Code violation existed, or that any such violation was not a proximate cause of plaintiff's injury, their cross motion for summary judgment dismissing the section 241 (6) claim should have been denied (*see Montalvo*, 8 AD3d at 176). Concur—Mazzarelli, J.P., Williams, Friedman, Gonzalez and Catterson, JJ.