■ Christian Hernandez, Respondent, v Bethel United Methodist Church of New York, Appellant. [853 NYS2d 305]—

Plaintiff was injured November 7, 2002, while working for nonparty Master Fire Prevention Systems, installing fireproofing insulation on new duct work at premises owned by defendant Bethel United Methodist Church of New York. At the time of the accident, plaintiff was standing on the third step of a six-foot A-frame ladder in order to reach the duct work. The ladder was placed on a sheet of plastic that had been put down in order to protect the carpet. Plaintiff stated that, before he began to climb the ladder, he heard and saw the latches on each side lock into place. He was working alone in the room at the time and was the sole witness to his accident.

Plaintiff was using a nail gun to install the insulation and, at the time of the accident, had the nail gun in his right hand and the insulation in his left hand. He leaned to his left while standing on the third step of the ladder, in order to affix the insulation with the nail gun, and the ladder began to move unsteadily. The feet of the ladder on the right side then came off the ground and he started to fall. He tried to grab the ladder with his left arm in order to stop himself from falling, but continued to hold

onto the nail gun with his right hand. He fell down the ladder and both of his feet landed on the first step. As he was falling, the nail gun hit one of the steps and a nail from the gun entered plaintiff's right eye. Plaintiff was not wearing goggles or any protective eye covering at the time of the accident.

Plaintiff initially brought this suit alleging causes of action for negligence and violations of Labor Law §§ 200 and 241 (6). He later moved to amend the complaint to assert a cause of action for violation of Labor Law § 240 (1) and for summary judgment on the issue of liability pursuant to that section. In support of the motion, plaintiff submitted his deposition testimony and his own sworn affidavit.

At his deposition, plaintiff testified that he was leaning to the left and the ladder "shook and wobbled." He also clearly stated that he felt the ladder shaking and wobbling before two of the legs came off the ground. He acknowledged that he could have moved the ladder a foot closer to where he was working, but noted that he had previously been able to reach in that manner without incident.

In his affidavit, plaintiff again asserted that he leaned to his left to install the insulation and felt the ladder shaking and wobbling before the legs came off the ground. He also stated that there were no rubber grips or safety feet on the bottom of the ladder, nor was the ladder secured or fastened in any manner. In addition, plaintiff stated that no one was holding the ladder and that no safety devices of any kind were provided or made available to protect him from falling.

Supreme Court granted plaintiff's motion to amend the complaint but denied his motion for summary judgment, finding triable issues of fact as to whether the ladder afforded proper protection and whether plaintiff's actions were the sole proximate cause of the accident. Plaintiff subsequently moved to reargue the motion for summary judgment. Supreme Court granted reargument and granted plaintiff's motion for summary judgment on the issue of liability under section 240 (1), without elaboration.

"Where a ladder is offered as a work-site safety device, it must be sufficient to provide proper protection. It is well settled that [the] failure to properly secure a ladder, to ensure that it remain steady and erect while being used, constitutes a violation of Labor Law § 240 (1)" (*Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173, 174 [2004] [citations and internal quotation marks omitted]). "It is sufficient for purposes of liability under section 240 (1) that adequate safety devices to prevent the ladder from slipping or to protect plaintiff from falling were

absent" (*Orellano v 29 E. 37th St. Realty Corp.*, 292 AD2d 289, 291 [2002]). Thus, "where the owner or contractor has failed to provide adequate safety devices to protect workers from elevation-related injuries and that failure is *a* cause of plaintiff's injury, '[n]egligence, if any, of the injured worker is of no consequence' " (*Orellano*, 292 AD2d at 291, quoting *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991], and citing *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 524 [1985]).

Plaintiff satisfied his prima facie burden by establishing that he was using the ladder to install fireproofing in the course of his employment, that the ladder was shaking and wobbling, that the feet of the ladder came off the ground and that defendant failed to provide plaintiff with adequate safety devices or to properly secure the ladder. Under these circumstances, plaintiff cannot be deemed the sole proximate cause of his injuries.

Contrary to defendant's argument, plaintiff's affidavit is not inconsistent with his deposition testimony. Plaintiff was asked at his deposition whether he "fe[lt] anything before the legs came off the ground?" His response was, "The shaking and the wobbling." Plaintiff's previous statement that he "was leaning to [his] left so the right two legs were coming off the ground" was made in response to a question asking whether the feet of the ladder stayed in place. The most reasonable interpretation of his answer is that he was indicating which of the ladder's feet left the ground, not that the feet came off the ground due to his movement. He did not state that the feet left the ground before the shaking and wobbling. In fact, both plaintiff's subsequent testimony and his affidavit clearly indicate that was not the case.

The dissent states that plaintiff had "two options"—either to reposition the ladder or to direct another worker to hold his ladder while he worked. However, the Labor Law does not require a plaintiff to have acted in a manner that is completely free from negligence. It is absolutely clear that "if a statutory violation is a proximate cause of an injury, the plaintiff cannot be solely to blame for it" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]).

Here, plaintiff established that defendant's failure to provide adequate safety devices or to properly secure the ladder was a contributing cause of his accident. In opposition, defendant was unable to raise an issue of fact whether plaintiff was the sole proximate cause of the accident. Thus, plaintiff is entitled to summary judgment on the issue of liability under Labor Law § 240 (1). Concur—Lippman, P.J., Gonzalez and Sweeny, JJ.

Nardelli and Buckley, JJ., dissent in a memorandum by Nardelli, J., as follows: I respectfully dissent and vote to reverse the order of the motion court and deny plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim.

Plaintiff Christian Hernandez was employed by Master Fire Prevention Systems, Inc. (Master Fire) as a welder/installer and claims that on November 7, 2002, he was injured as the result of a fall from a ladder. Master Fire had been hired by defendant Bethel United Methodist Church of New York to install new duct work in a two-floor building it owned, which was designated as 3404 Bailey Avenue, the Bronx. The duct work was to be installed throughout the inside of the building on both floors and, at the time of the accident, plaintiff was in a back office affixing fireproof insulation around the new duct work with a standard nail gun.

In order to reach the area where the insulation was to be installed, plaintiff was using a small, four-step A-frame ladder that had been supplied by Master Fire. Plaintiff testified at an examination before trial conducted on June 14, 2006 that he had set up the ladder on plastic sheeting which had been laid over a carpeted floor and, before climbing onto the ladder, had heard, and was certain, both latches on the legs of the ladder had locked into place. Plaintiff stated that at the time of the accident, he was standing with both feet "firmly planted" on the third step of the ladder, which step was approximately $2\frac{1}{2}$ feet off the ground, and had insulation in his left hand and the nail gun in his right hand.

Plaintiff further testified that he was holding the nail gun above his head in order to secure the precut insulation to the duct and that, prior to his fall, he was "leaning to my left so the right two legs [of the ladder] were coming off the ground." Plaintiff maintained that the ladder began to shake and wobble and as he tried to hug the ladder with his left hand to prevent a fall, he lost his balance and slipped from the third rung to the first, causing the nail gun to strike one of the steps and discharge, resulting in a nail striking his eye.

In response to questioning regarding why plaintiff did not reposition the ladder, rather than leaning to the left and above his head to reach the area where he was securing the insulation, the following colloquy took place:

"Q. Did anything stop you before the accident from getting off the ladder and repositioning it under where you needed to?

"A. No, getting down and stuff like that, it was going to take a few minutes but it could have been a difference, like I didn't thought [sic] it was going to be something happening, you know. It was just like reaching just real quick, you know.

"Q. Was the reason you chose to reach from the ladder because you had been able to reach like that before without accident?

"A. Yes.

"Q. Did you think you would be able to reach from the ladder without making the ladder come off the ground because you had done it before?

"A. Yes."

Plaintiff had commenced this action by the service of a summons and complaint in April 2005, asserting causes of action grounded in negligence and various violations of the Labor Law. In September 2006, plaintiff moved to amend the complaint to interpose a cause of action under Labor Law § 240 (1) and, upon such amendment, granting plaintiff partial summary judgment on that claim. The motion court, in a decision and order entered November 20, 2006, granted, among other things, plaintiff leave to amend the complaint but denied that branch of the motion which sought partial summary judgment on the Labor Law § 240 (1) claim. Plaintiff thereafter moved for leave to reargue and contended that the motion court erred when it found triable issues of fact as to whether the ladder provided to plaintiff furnished proper protection, and whether plaintiff's use of the ladder was the sole proximate cause of the accident. The motion court, in a decision and order entered March 6, 2007, granted plaintiff's motion for leave to reargue and, upon reargument, granted plaintiff partial summary judgment on his section 240 (1) claim, finding that there were no issues of fact regarding plaintiff's conduct and whether that conduct was the sole proximate cause of the accident. Defendant appeals and, since I agree with the motion court's original analysis set forth in its November 20 order, I vote to reverse.

Labor Law § 240 (1), which is often referred to as the Scaffold Law, provides, in pertinent part, that: "All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering . . . of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders . . . which shall be so constructed, placed and operated as to give proper protection to a person so employed."

The Court of Appeals has long and repeatedly observed that the purpose of the statute is to protect workers by placing the ultimate responsibility for safety practices where such responsibility belongs, on the owners and general contractors, instead of on the individual workers who are not in a position to protect

themselves (*Martinez v City of New York*, 93 NY2d 322, 325-326 [1999]; *Zimmer v Chemung County Performing Art*s, 65 NY2d 513, 520 [1985]; *Koenig v Patrick Constr. Corp.*, 298 NY 313, 318 [1948]). Consistent with this objective, the statute places absolute liability upon owners, contractors, and their agents for any breach of the statutory duty that is the proximate cause of a plaintiff's injuries and, accordingly, it is to be construed as liberally as necessary to accomplish the purpose for which it was framed (*Panek v County of Albany*, 99 NY2d 452, 457 [2003]; *Gordon v Eastern Ry. Supply*, 82 NY2d 555, 559 [1993]).

In *Blake v Neighborhood Hous. Servs. of N.Y. City* (1 NY3d 280, 286-287 [2003]),* however, the Court of Appeals endeavored to clarify the use of the words strict or absolute liability in conjunction with the statute, noting that those terms do not appear in the current, or any of the former variations of the statute but, rather, were first utilized by the Court of Appeals in 1923 to describe an employer's duty under that section. The Court in *Blake* went on to caution that "[i]t is imperative . . . to recognize that the phrase 'strict (or absolute) liability' in the Labor Law § 240 (1) context is different from the use of the term elsewhere. Often, the term means 'liability without fault' (*see generally* 3 Harper, James and Gray, Torts § 14.1 *et seq.* [2d ed 1986]), as where a person is held automatically liable for causing injury even though the activity violates no law and is carried out with the utmost care" (*id.* at 287-288). The Court of Appeals further commented: "Given the varying meanings of strict (or absolute) liability in these different settings, it is not surprising that the concept has generated a good deal of litigation under Labor Law § 240 (1). The terms may have given rise to the mistaken belief that a fall from a scaffold or ladder, in and of itself, results in an award of damages to the injured party. That is not the law, and we have never held or suggested otherwise" (*id.* at 288).

In sum, in order to prevail on a Labor Law § 240 (1) cause of action, the plaintiff must demonstrate that the statute was violated, and that such violation was a proximate cause of the injuries sustained (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]; *Delahaye v Saint Anns School*, 40 AD3d 679, 682 [2007]). Accordingly, the mere fact that plaintiff herein fell from a ladder does not, in and of itself, establish that the statute was violated and that absolute liability attaches, for where a plaintiff's own actions are the sole proximate cause of the accident, there is no liability (*Cahill*, 4 NY3d at 39; *Blake*, 1 NY3d at 290).

---

* For a lengthy discussion of the history of Labor Law § 240 (1) and the development of case law concerning that statute, *see Blake* (at 284-287).

In this matter, I find that there is a plausible view of the evidence, sufficient to raise an issue of fact, that no statutory violation occurred, and that plaintiff's own acts or omissions were the sole cause of the accident. Plaintiff testified that he had insulation in his left hand, a nail gun in his right hand, and was attempting to install the insulation on a duct positioned over his head when he leaned to the left causing the two right legs of the ladder to come off the ground. The ladder did not slide or change position, and plaintiff admittedly chose not to reposition the ladder where it was needed because that would have taken a few minutes, although "it could have been a difference." Plaintiff further testified that he was part of a six-member work crew and that he "was basically the one that used to tell everyone what to do" and was more or less the head of the crew.

It is clear then that plaintiff, in light of his deposition testimony, had two options, and chose to avail himself of neither. Plaintiff, instead of leaning off the ladder to his left to save a few minutes, could have stepped down the 2½ feet and repositioned the ladder. Plaintiff also could have directed another member of his crew to stabilize the ladder while he worked and, in my view, a jury could conclude that plaintiff's failure to exercise either of those safety options, which were readily available, was the sole proximate cause of his injury (see generally Egan v Monadnock Constr., Inc., 43 AD3d 692 [2007]; Mercado v New York Univ., 29 AD3d 496 [2006]).

Finally, I disagree with the majority's conclusion that there are no material inconsistencies between plaintiff's deposition testimony and his affidavit in support of his motion for summary judgment. Indeed, plaintiff, in his affidavit, claims that the ladder began to shake and wobble before the legs came off the ground, which is in stark contrast to his deposition testimony which indicates that he was leaning to his left while working on the duct above his head when the right legs of the ladder came off the ground, and then the ladder became unstable. Those inconsistences not only raise issues as to how the accident occurred, but also as to plaintiff's credibility, and I disagree with the majority's finding that a reasonable interpretation of the sequence of questions asked of plaintiff at the deposition, and the answers given, is to the contrary. Moreover, while I agree with the majority's conclusion that the Labor Law does not require a plaintiff to act in a manner completely free from negligence, I find that a jury, from the facts presented, could conclude that plaintiff made a conscious decision to not reposition an adequate, properly functioning ladder in order to

■■■■■■■■

save time, so as to render the ladder unstable, and the situation unsafe, and further neglected, despite the fact that it was admittedly within his power to do so, to direct another member of his work crew to stabilize the ladder, rendering his actions not within the ambit of contributory negligence, but the sole proximate cause of his injuries.