Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about September 14, 2007, which granted plaintiffs motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), unanimously affirmed, without costs.
The accident occurred while plaintiff was on the fifth floor of a building under construction, laying brick for a wall of the elevator shaft. In order to perform his work, plaintiff had to stand near to, and step over, the plywood covering a two-feet-by-three-feet garbage chute that was approximately one foot from the elevator shaft wall. As plaintiff stepped onto the plywood, it broke or shifted, giving way, causing him to fall several stories. It is undisputed that no safety devices, such as harnesses, ropes or nets had been furnished or made available to *377 plaintiff. Given this failure to provide proper protection against a fall into the garbage chute, even if plaintiff, notwithstanding the proximity of the chute to the shaft, could somehow be considered negligent in stepping over the plywood rather than walking around it, or in staging his materials near the chute, any such negligence would not have been the sole proximate cause of the accident, and thus would not provide a defense (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289-290 [2003]; Orellano v 29 E. 37th St. Realty Corp., 292 AD2d 289, 291 [2002]). Nor is a defense raised by evidence that on the day of the accident plaintiff was supposed to be working on the parapet rather than the elevator shaft wall, where there is no evidence that plaintiff defied his supervisor by working on the elevator shaft wall or that he had expressly been instructed not to work on the elevator shaft wall. Concur — Lippman, EJ., Gonzalez, Moskowitz, Acosta and Renwick, JJ.