Merino v Continental Towers Condominium (2018 NY Slip Op 01549)





Merino v Continental Towers Condominium


2018 NY Slip Op 01549


Decided on March 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 8, 2018

Renwick, J.P., Richter, Andrias, Kapnick, Kahn, JJ.


158411/12 5934A 5934

[*1] Pedro Merino, Plaintiff-Appellant-Respondent, Marcissa Artiaga, Plaintiff,
v
Continental Towers Condominium, et al., Defendants-Respondents-Appellants.


Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for appellant-respondent.
Vigorito, Barker, Porter & Patterson, LLP, Valhalla (Adonaid C. Medina of counsel), for respondents-appellants.



Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered November 7, 2016, to the extent appealed from as limited by the briefs, dismissing plaintiff Pedro Merino's Labor Law § 240(1) claim against defendant Rose Associates, Inc., dismissing plaintiff's Labor Law § 241(6) claim against both defendants, and bringing up for review an order, same court and Justice, entered October 28, 2016, which denied defendants' motion for summary judgment dismissing plaintiff's Labor Law § 240(1) claim as against defendant Continental Towers Condominium, granted defendants' motion for summary judgment dismissing plaintiff's Labor Law § 241(6) claim and denied plaintiff's cross motion for summary judgment as to liability on his Labor Law § 240(1) claim, unanimously modified, on the law, to vacate the dismissal of plaintiff's Labor Law § 240(1) claim against Rose Associates, reinstate the claim, and grant plaintiff's cross motion for summary judgment as to liability on his Labor Law § 240(1) claim, and otherwise affirmed, without costs. Appeal from the foregoing order, unanimously dismissed, without costs.
The motion court erred in determining that Rose Associates is not an agent of defendant owner Continental Towers Condominium. Labor Law §§ 240(1) and 241(6) impose absolute liability on owners, contractors, and their agents for a statutory violation resulting in injury, regardless of whether they directed or controlled the work (Ragubir v Gibraltar Mgt. Co., Inc., 146 AD3d 563, 564 [1st Dept 2017]). Thus, the test of whether a defendant is a statutory agent subject to liability under those sections is not whether it actually supervised the work, but whether it had the authority to do so (Voultepsis v Gumley-Haft-Klierer, Inc., 60 AD3d 524, 525 [1st Dept 2009]). While Continental's resident manager may have been unaware of what tasks Rose Associates performed as Continental's managing agent, defendants point to no evidence in the record that Rose Associates lacked such authority.
Nevertheless, the motion court correctly dismissed the Labor Law § 241(6) claim insofar as it was predicated on Industrial Code (12 NYCRR) § 23-1.21(b)(4)(ii) and (e)(3). Plaintiff's testimony established that there was no violation of either provision of the Industrial Code.
The motion court properly considered plaintiff's cross motion on the merits (Brill & Meisel v Brown, 113 AD3d 435, 435 [1st Dept 2014]; see Filannino v Triborough Bridge & Tunnel Auth., 34 AD3d 280, 281 [1st Dept 2006], appeal dismissed 9 NY3d 862 [2007]). However, the court should have granted plaintiff's cross motion, as the evidence establishes that plaintiff slipped or fell from an unsecured ladder upon which he was working because it moved (Orellano v 29 E. 37th St. Realty Corp., 292 AD2d 289, 290-291 [1st Dept 2002]; Wasilewski v [*2]Museum of Modern Art, 260 AD2d 271, 271-272 [1st Dept 1999]). The testimony of plaintiff's coworker that plaintiff stated he slipped was "not inconsistent with plaintiff's version that he slipped after the
ladder moved" (Wasilewski, 260 AD2d at 272). Moreover, defendants' expert affidavits asserting that no force acted upon the ladder that could have caused it to move were speculative.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 8, 2018
CLERK