| |
|:---:|
| **Villa v West 38 RES LLC** |
| 2024 NY Slip Op 34360(U) |
| December 16, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151515/2020 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:  HON. SABRINA KRAUS

*Justice*

PART            57M

---------------------------------------------------------------------------X

SEGUNDO FABIAN LLUILEMA VILLA,

INDEX NO.         151515/2020

Plaintiff,

MOTION DATE       06/11/2024

- v -

MOTION SEQ. NO.        001

WEST 38 RES LLC, SITE C GC LLC,

Defendants.

**DECISION + ORDER ON MOTION**

---------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64

were read on this motion to/for _____JUDGMENT - SUMMARY_____.

## BACKGROUND

On December 18, 2019, while performing construction work at 555 W38th Street, New York New York, Plaintiff alleges he was caused to suffer serious and permanent physical injuries when he fell from an inadequately secured extension ladder that suddenly slid backwards.

Plaintiff now moves for an order pursuant to CPLR 3212 granting summary judgment to plaintiff as to liability against defendants West 38 Res LLC ("Owner") and Site C GC LLC ("GC") on Plaintiff's Labor Law § 240(1) cause of action.

For the reasons set forth below, the motion is granted.

## ALLEGED FACTS

On December 18, 2019, Owner owned the premises located at 555 West 38th Street, New York, New York, and was in the process of erecting a 591-unit apartment building on the premises. Owner hired GC as the General Contractor for the job.

**151515/2020   LLUILEMA VILLA, SEGUNDO FABIAN vs. WEST 38 RES LLC**
**Motion No.  001**

Page 1 of 7

1 of 7

Plaintiff was employed by ECDNY, INC. ("ECD") as a carpenter and performing excavation related work at the premises. At that point in the project, ECD was in the process of constructing the walls of the foundation. There were multiple tiers within the excavation pit. Beginning with street level, there was then a basement level, followed by trenches that ran below the basement level.

In order to reach the plywood, Plaintiff had to ascend an aluminum extension ladder that was approximately eight to ten-feet tall. The ladder was neither tied off nor secured against movement. As Plaintiff was ascending the ladder, and nearly at the top, it suddenly slipped and slid backwards. The slipping and sliding of the ladder caused the Plaintiff to fall to the floor and sustain serious injuries.

Most of these alleges facts are not denied by defendants. However, defendants do deny that there is evidence that the ladder was not tied off, claiming in hid deposition testimony Plaintiff did not observe whether this was true. Defendants further allege they did not observe a ladder in the vicinity of the accident after the accident when Site Safety manager Shawn Clarke went to investigate.

Defendants also allege that Plaintiff was responsible for the accident because Plaintiff saw ice on the ground where the ladder was set up prior to ascending the ladder and never complained to anyone about the condition of the ground where the ladder was set up prior to ascending the ladder. Plaintiff did not attempt to break up the ice prior to ascending the ladder and did not check if the ladder was tied off before ascending it. Plaintiff reported to two treatment providers that he slipped on the ladder.

151515/2020   LLUILEMA VILLA, SEGUNDO FABIAN vs. WEST 38 RES LLC                    Page 2 of 7
Motion No.  001

2 of 7

## DISCUSSION

To prevail on a motion for summary judgment, the moving party must establish its cause of action or defense sufficiently to warrant the court as a matter of law in directing judgment in its favor. *Winegrad v. New York Univ. Med. Ctr.,* 64 N.Y.2d 851 (1985)*; Zuckerman v. City of New York,* 49 N.Y.2d 557 (1980). Absent such a *prima facie* showing, the motion must be denied, regardless of the sufficiency of the opposing papers (*Alvarez v Prospect Hospital,* 68 NY2d 320, 324 [1986]).

However, "[o]nce the movant makes the required showing, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of a material issue of fact that precludes summary judgment and requires a trial" (*Dallas-Stephenson v Waisman,* 39 AD3d 303, 306 [1st Dept 2007], citing *Alvarez,* 68 NY2d at 324). "[A]ll of the evidence must be viewed in the light most favorable to the opponent of the motion" (*People v Grasso,* 50 AD3d 535,544 [1st Dept 2008]). "On a motion for summary judgment, the court's function is issue finding, not issue determination, and any questions of credibility are best resolved by the trier of fact" (*Martin v Citibank, N.A.,* 64 AD3d 477,478 [1st Dept 2009]; *see also Sheehan v Gong,* 2 AD3d 166,168 [1st Dept 2003] ["The court's role, in passing on a motion for summary judgment, is solely to determine if any triable issues exist, not to determine the merits of any such issues"], *citing Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404 [1957]).

Labor Law § 240(1) provides:

All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons,

ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

Not every worker who falls at a construction site, and not every object that falls on a worker, gives rise to the extraordinary protections of Labor Law § 240(1). Rather, liability is contingent upon the existence of a hazard contemplated in section 240(1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein (*see, Ross v. Curtis–Palmer Hydro–Elec. Co.*, 81 N.Y.2d 494, 501, 601 N.Y.S.2d 49, 618 N.E.2d 82).

The decisive question is whether the worker's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential, *Nicometi v Vineyards of Fredonia, LLC*, 25 NY3d 90 (2015); *Runner v New York Stock Exchange, Inc.*, 13 NY3d 599 (2009); *Gonzalez v Madison Sixty, LLC*, 216 AD3d 1141 (2d Dept 2023).

"To establish liability under Labor Law §240(1), a plaintiff must demonstrate that the defendants violated the statute and that this violation was a proximate cause of his injuries." *Melchor v. Singh*, 90 A.D.3d 866, 867 (2d Dep't 2011). If a violation of the statute is established as a proximate cause of the accident, plaintiffs conduct cannot be deemed the sole proximate cause. *Id.* at 867.

It is well-settled that the failure to secure a ladder to insure that it remains stable and erect while the plaintiff was working on it constitutes a violation of Labor Law Section 240(1) as a matter of law. *See, Tuzzolino v. Consolidated Edison Company of New York*, 160 A.D.3d 568 (1st Dep't, 2018); *Devlin v. Sony Corp. of America*, 237 A.D.2d 201 (1st Dep't 1997); *Schultze v. 585 West 214th Street Owners Corp.*, 228 A.D.2d 381 (1st Dep't 1996).

If a safety device suddenly shifts and moves, a *prima facie* violation of the statute has been established without, *arguendo*, an additional showing that the device was "inherently

**151515/2020   LLUILEMA VILLA, SEGUNDO FABIAN vs. WEST 38 RES LLC**                     **Page 4 of 7**
**Motion No.  001**

4 of 7

[* 4]

defective." *Montalvo v. J. Petrocelli Construction, Inc.*, 8 A.D.3d 173 (1st Dep't 2004*); Orellano v. 29 East 37th street Realty Corp.*, 292 A.D.2d 289 (1st Dep't 2002).

Plaintiff has satisfied his initial burden by establishing that the ladder from which he fell did not provide adequate protection pursuant to Labor Law § 240(1), as the ladder slipped, tipped and failed to perform its function of supporting Plaintiff as he worked. *Tuzzolino v. Consolidated Edison Company of New York*, 160 A.D.3d 568 (1st Dep't, 2018); *Rom v. Eurostruct*, 158 A.D.3d 570 (1st Dep't 2018); *Kebe v. Greenpoint-Goldman Corp.*, 150 A.D.3d 453 (1st Dep't 2017); *Faver v. Midtown Trackage Ventures, LLC*, 150 A.D.3d 580 (1st Dep't 2017).

Defendants argue that a question of fact exist as to whether Plaintiff's accident was a result of his ladder slipping on ice. Defendants also submit that because there were no witnesses to Plaintiff's accident, the Site Safety Manager did not see any ladder set up at the location where Plaintiff claims he fell, and Plaintiff reported to two medical providers that his accident occurred as a result of him slipping summary judgment should be denied.

The Court does not agree.

It is well-settled that the fact that an accident was unwitnessed does not require denial of a plaintiff's motion for summary judgment on his Labor Law § 240(1) cause of action where, as here, there is neither a *bona fide* challenge to Plaintiff's credibility nor to a material fact concerning the manner in which the accident occurred. *See, Klein v. City of New York*, 89 N.Y.2d 833 (1996); *Rubio v. New York Proton Management LLC*, 192 A.D.3d 438 (1st Dep't 2021); *Valdez v. City of New York*, 189 A.D.3d 425 (1st Dep't 2020).

As held by the Court of Appeals the unrefuted testimony by a plaintiff regarding the movement of a safety device creates a presumption that the device was either defective or

**151515/2020 LLUILEMA VILLA, SEGUNDO FABIAN vs. WEST 38 RES LLC** **Page 5 of 7**
Motion No. 001

5 of 7

unsecured against movement, either of which results in a violation, as a matter of law, of Labor Law § 240(1). "In cases involving ladders or scaffolds that collapse or malfunction for no apparent reason, we have (ever since *Stewart v. Ferguson*, 164 N.Y. 553, 58 N.E. 662 [1900], supra) continued to aid plaintiffs with a presumption that the ladder or scaffolding device was not good enough to afford proper protection." *Blake v. Neighborhood Housing Services of New York City, Inc.*, 1 N.Y.3d 280, 289 n. 8 (2003).

The testimony of the site manager that he saw no ladder when he went to investigate is equally insufficient to create an issue of fact as he did not witness the accident. *Marrero v. 2075 Holding Co. LLC*, 106 A.D.3d 408 (1st Dep't 2013).

Finally, defendants' assertion that a reasonable person would not have climbed a ladder under similar icy conditions may establish comparative fault but is not a defense to a Labor Law § 240(1) cause of action. *Blake* at 289.

WHEREFORE it is hereby:

ORDERED that Plaintiff's motion for summary judgment as to liability on his 240(1) claim is granted; and it is further

ORDERED that an immediate trial of the issues regarding damages shall be had before the Court; and it is further

ORDERED that Plaintiff shall, within 20 days from entry of this order, serve a copy of this order with notice of entry upon counsel for all parties hereto and upon the Clerk of the General Clerk's Office; and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for*

**151515/2020   LLUILEMA VILLA, SEGUNDO FABIAN vs. WEST 38 RES LLC**          **Page 6 of 7**
**Motion No.  001**

6 of 7

*Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh);]; and it is further

ORDERED that counsel appear for a virtual pre-trial conference on January 28, 2024, at 3:00 PM, at which time a final trial date will be scheduled.

This constitutes the decision and order of this court.

202412161207B3SBKRAUS62F400E424144C2CAB98670EE04E848D

| **12/16/2024** | | | | | | | |
|---|---|---|---|---|---|---|---|
| **DATE** | | | | | **SABRINA KRAUS, J.S.C.** | | |
| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| | X | GRANTED | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151515/2020   LLUILEMA VILLA, SEGUNDO FABIAN vs. WEST 38 RES LLC**
**Motion No.  001**

Page 7 of 7

7 of 7

[* 7]