Amancha v 720-730 Fort Wash. Ave. Owners Corp.

2026 NY Slip Op 02196

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Luis Amancha, Plaintiff-Respondent-Appellant,

v

720-730 Fort Washington Avenue Owners Corp. et al., Defendants-Appellants-Respondents, TRB No. 1 Corp. et al., Defendants-Respondents.

720-730 Fort Washington Avenue Owners Corp., Third-Party Plaintiff-Appellant-Respondent,

v

TRB No. 1 Corp. et al., Third-Party Defendants-Respondents.

Decided and Entered: April 14, 2026

Index No. 159285/20|Appeal No. 6350|Case No. 2025-02027|

Before: Moulton, J.P., Friedman, González, Shulman, Rosado, JJ.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Antony Lembersky of counsel), for appellants-respondents.

Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for respondent-appellant.

Brody Law Group, PLLC, New York (Kristine Taylor of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (James G. Clynes, J.), entered on or about March 6, 2025, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) claim and denied the motion of 720-730 Fort Washington Avenue Owners Corp. (720-730 Fort Washington) and Gumley-Haft LLC (together, 720/Gumley) for summary judgment on their cross-claims for contractual indemnification and breach of contract as against third-party defendants TRB No. 1 Corp. and for dismissal of TRB's cross-claim for contractual and common-law indemnification, unanimously modified, on the law, to the extent of granting plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) claim and granting 720/Gumley's motion for summary judgment insofar as it sought dismissal of TRB's cross-claim for contractual and common-law indemnification, and otherwise affirmed, without costs.

Supreme Court should have granted plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240(1) claim. Plaintiff, a laborer working on a renovation project, established prima facie entitlement to summary judgment through his testimony that as he was working atop an unsecured A-frame ladder, it suddenly moved and caused him to fall. The evidence that the ladder was unsecured, and that it shifted and moved for no apparent reason, raises the presumption that it was insufficient to give proper protection under the statute (see Wasilewski v Museum of Modern Art, 260 AD2d 271, 271 [1st Dept 1999]). Plaintiff's testimony that he heard the ladder's brackets click into place, indicating that the ladder was "secured," does not change this determination, as the relevant issue is whether the ladder was secured to something stable or held in place so that it remained steady and upright while being used (id. ["that the ladder may have had a brace in the middle to keep it open is immaterial"]).

In opposition, defendants failed to raise a triable issue of fact. Although defendants' expert, a professional engineer, stated that she examined the ladder, she did not perform that examination until two years after the accident, and in any event, the evidence does not establish that the ladder that the expert inspected was actually the same ladder from which plaintiff fell. Furthermore, the expert's affidavit, in which she averred that if the ladder tipped over it did so because plaintiff applied a lateral force to it, was conclusory and speculative, as it cites no evidence in the record to support her theory (see Suazo v 501 Madison-Sutton LLC, 235 AD3d 513, 513 [1st Dept 2025]; see Merino v Continental Towers Condominium, 159 AD3d 471, 473 [1st Dept 2018]).

[*2]

Supreme Court correctly denied so much of 720/Gumley's motion as sought summary judgment on their cross-claim for contractual indemnification against TRB. The relevant alteration agreement, which governs the renovation work in the building and contains an indemnification clause, was entered into between "TRB" and "Fort Washington Avenue Owners Corporation," However, the record does not make clear whether "Fort Washington Avenue Owners Corporation" refers to defendant 720-730 Fort Washington. The text of the alteration agreement therefore raises issues of fact as to whether 720-730 Fort Washingtonis actually a party to the agreement (see Matter of 195 B Owner LLC v Anthropologie, Inc., 228 AD3d 418, 419 [1st Dept 2024]).

Similarly, the court correctly denied so much of 720/Gumley's motion as sought summary judgment on liability on their cross-claim for breach of contract as against TRB No. 1. As noted, it is unclear whether 720-730 Fort Washington was a party to the alteration agreement, and as a result, it cannot be determined as a matter of law that TRB No. 1 breached any obligations toward 720-730 Fort Washington.

However, Supreme Court should have granted 720/Gumley's motion for summary judgment dismissing TRB No. 1's cross-claim against it for contractual and common-law indemnification, as plaintiff no longer asserts any Labor Law § 200 or common-law negligence claims, including against 720-730 Fort Washington. Moreover, TRB No. 1 has failed to point to any contractual provision that would require 720-730 Fort Washington to indemnify it.

We have considered the parties' remaining contentions and find them unpreserved or unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026