■ Ronnie Greenfield et al., Also Known as The Ronettes, Respondents, v Philles Records, Inc., et al., Appellants.—Order, Supreme Court, New York County (David Saxe, J.), entered on or about December 29, 1988, which, *inter alia,* denied defendants' motions to dismiss plaintiffs' complaint pursuant to CPLR 3211 (a) (5), (7) and (8), unanimously affirmed, with costs and disbursements.

Plaintiffs, the former members of the signing group "The Ronettes", sued the defendants for breach of contract, conversion and breach of fiduciary duty based upon a contract executed between "The Ronettes" and Philles Records in 1963. Defendants' original attorney moved to dismiss the complaint based on CPLR 3211 (a) (5). On the original return date of the motion, after opposition had been interposed, the matter was adjourned several times, at the request of the original attorney, who was apparently contemplating making another motion on additional grounds. Prior to the final adjourned date for the hearing of the motion, new counsel was formally substituted. The first motion was not formally withdrawn, however. Rather, new counsel made a separate motion to dismiss based upon CPLR 3211 (a) (5), (7) and (8). The ground of lack of personal jurisdiction was asserted with respect to Phil Spector, individually, and Phil Spector Enterprises, Inc. only. The motion was consolidated for disposition and denied. On appeal, defendants argue that the complaint should have been dismissed for lack of personal jurisdiction as against Phil Spector, individually, and Phil Spector Enterprises, Inc., and

that the complaint fails to state a cause of action as against the individual defendant. The defendants have apparently abandoned the other limited grounds for appeal stated in their notice of appeal.

A motion on notice is made when a notice of motion or order to show cause is served. (CPLR 2211.) While there is evidence in the record that the original attorney indicated that he was considering moving on additional grounds, he did not do so. Furthermore, the motion was never formally or informally withdrawn by substituted counsel for defendants. The second motion to dismiss was not made within the time prescribed by CPLR 3211 (e) for the making of a motion under CPLR 3211 (a). Therefore, the hearing court's conclusion that the failure to include the ground of lack of personal jurisdiction in the first motion waived that ground as a defense was correct under the circumstances. "[I]f a defendant makes any CPLR 3211 motion based on other subdivision (a) objections and fails to include the jurisdictional objection, he forever waives that defense." (*Montcalm Publ. Corp. v Pustorino,* 125 AD2d 188.) As the first motion was not withdrawn, the court properly consolidated the motions for disposition. Substitution of attorneys does not in and of itself vacate the prior attorney's actions.

The allegations of the complaint, when given every possible favorable inference, as required upon a motion to dismiss pursuant to CPLR 3211 (a) (7) (*Rovello v Orofino Realty Co.,* 40 NY2d 633, 634), state causes of action for conversion, breach of contract and breach of fiduciary duty as against the individual defendant. Defendants' arguments to the contrary are more suited to a motion for summary judgment as they are based upon deposition testimony. The court did not convert the CPLR 3211 motion to dismiss into one for summary judgment and there is no basis for such action by this court as discovery is not yet complete. Concur—Sullivan, J. P., Rosenberger, Asch, Ellerin and Smith, JJ.