■ RAYMOND SMITH et al., Respondents, v BROADWAY 110 DEVELOPERS, LLC, et al., Respondents-Appellants. BDS DEVELOPERS, LLC, Sued Herein as BROADWAY 110 DEVELOPERS, et al., Third-Party Plaintiffs-Respondents-Appellants, v A&B CAULKING Co., INC., Third-Party Defendant-Appellant-Respondent. [914 NYS2d 167]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered April 7, 2009, which, insofar as appealed from as limited by the briefs, granted the part of defendants' motion that sought summary judgment on their defense and indemnification claim against third-party defendant (A&B), denied the part of the motion that sought summary judgment on their cause of action against A&B for failure to procure insurance,

and denied the part of the motion that sought summary judgment dismissing the Labor Law §§ 240 and 241 (6) causes of action, unanimously affirmed, without costs.

Plaintiffs seek damages for injuries sustained by plaintiff Raymond Smith when the suspended scaffold that he was straddling swung toward a building and crushed his chest. At the time, plaintiff was working for A&B, which had supplied him with the scaffold and supervised his work.

Defendants demonstrated their entitlement to judgment as a matter of law on their defense and indemnification claim against A&B. The terms of the trade contract pursuant to which A&B was retained by defendant Pavarini McGovern, LLC to perform work on the project required A&B to defend and indemnify defendants where, as here, the claims arose from A&B's work and there was no evidence of any negligence on defendants' part. A&B's contention that there is at least a question of fact whether Pavarini was negligent is unsupported. Indeed, the court dismissed the Labor Law § 200 and common-law negligence causes of action, and there is no evidence that any of defendants' acts or omissions contributed to plaintiff's accident. Nor does the indemnification provision violate General Obligations Law § 5-322.1 (1), since it limits indemnification "[t]o the fullest extent permitted by law" (*see Jackson v City of New York*, 38 AD3d 324, 324-325 [2007]).

Defendants failed to eliminate all issues of fact as to A&B's alleged failure to procure insurance, which is the subject of a declaratory judgment action. Nor did they eliminate all issues of fact as to the Labor Law § 240 (1) cause of action, since the record raises the inference that plaintiff's accident was one "in which the scaffold . . . proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993] [emphasis omitted]; *see Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 605 [2009] [where the injury was "the direct consequence of a failure to provide statutorily required protection against a risk plainly arising from a workplace elevation differential"]). Moreover, plaintiff testified that, when the scaffold started to swing, he grabbed onto it to avoid falling (*see Pesca v City of New York*, 298 AD2d 292 [2002]).

Defendants also failed to meet their burden of demonstrating either that no violations of the Industrial Code (12 NYCRR) provisions cited by plaintiff (§§ 23-5.8, 23-5.9) occurred or that any violation that occurred was not a proximate cause of plaintiff's injury (*see Potter v NYC Partnership Hous. Dev. Fund*

*Co., Inc.*, 13 AD3d 83, 85 [2004]). Concur—Gonzalez, P.J., Mazzarelli, Moskowitz, Acosta and Román, JJ.