■ DENNIS ALARCON, Respondent, v UCAN WHITE PLAINS HOUSING DEVELOPMENT FUND CORP. et al., Defendants/Third-Party Plaintiffs-Respondents-Appellants. MASONRY SERVICES, INC., Third-Party Defendant-Appellant-Respondent. [954 NYS2d 13]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered August 29, 2011, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for leave to amend his bill of particulars to allege a violation of Labor Law § 240 (2) and additional violations of the New York Industrial Code, and upon amendment, granted plaintiff's motion for summary judgment on the issue of his Labor Law §§ 240 (1), 240 (2) and 241 (6) claims, and granted defendants/third-party plaintiffs White Plains Housing Development Fund Corp. and White Plains Courtyard LLP summary judgment on their claims for contractual indemnity as against third-party defendant Masonry Services, Inc (MSI), unanimously affirmed, without costs.

Plaintiff was employed by third-party defendant MSI as a laborer/helper at a construction project at 2040-2060 White Plains Road, Bronx, New York. The property, owned by defendants, was being developed into a new seven-story affordable housing building. MSI was hired as a masonry subcontractor, one of over 15 subcontractors hired by defendants' general contractor. MSI had installed a scaffold structure in one of the empty elevator shafts, to which it attached a series of steps to create a staircase. The staircase, which did not have any guardrails, was the only means of traveling from floor to floor in the building.

On the day of the accident, plaintiff quarreled with his MSI supervisor, who told plaintiff that he did not want to see him on that site anymore. Plaintiff stopped his work, and proceeded to the fourth floor to gather his street clothes and leave. Halfway between the third and fourth floor, a piece of fabric from plaintiff's pants became stuck on a piece of the scaffold pipe.

This caused plaintiff to lose his balance and fall 3¹/₂ stories downward, landing on his feet, and losing consciousness.

Plaintiff's belated allegations that defendants violated Labor Law § 240 (2) and 12 NYCRR 23-5.1 (j) and 23-5.3 (e) "entail[ ] no new factual allegations, raise[ ] no new theories of liability, and has caused no prejudice" (*Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.*, 271 AD2d 231, 233 [1st Dept 2000]; *see also Cordeiro v TS Midtown Holdings, LLC*, 87 AD3d 904, 906 [1st Dept 2011]). Plaintiff's theory of the case, supported by the allegations in his bill of particulars and his deposition testimony, was always that he fell due to the scaffolding stairs' lack of guardrails. Thus, defendants cannot reasonably claim prejudice or surprise. Morever, in the context of this case, the fact that plaintiff was in the process of exiting the job site did not remove him from the protections of Labor Law § 240 (*see e.g. Morales v Spring Scaffolding, Inc.*, 24 AD3d 42 [1st Dept 2005])

Plaintiff's motion, served on the 120th day after he filed his note of issue, was timely (*see* CPLR 2211; *see also Greenfield v Philles Records*, 160 AD2d 458, 459 [1st Dept 1990]).

Pursuant to the contract between defendants and MSI, MSI agreed to, inter alia, indemnify defendants for all losses "arising out of, or in any manner relating to," MSI's work. The provision went on to state that "[i]n jurisdictions in which the indemnification provided for in this Article is broader than that allowed by applicable law, this Article should be interpreted as providing the broadest indemnification permitted and should be limited only to the extent necessary to comply with that law." Thus, contrary to MSI's argument, the clause does not violate General Obligations Law § 5-322.1 (*see Hernandez v Argo Corp.*, 95 AD3d 782 [1st Dept 2012]; *Dutton v Pankow Bldrs.*, 296 AD2d 321 [1st Dept 2002], *lv denied* 99 NY2d 511 [2003]).

In any event, there is no evidence that defendants were actively negligent. Plaintiff testified that he was only supervised by MSI, it was uncontested that MSI constructed the scaffold, there was no evidence that defendants were on site, and plaintiff's common-law and Labor Law § 200 claims against defendants were dismissed (*see Smith v Broadway 110 Devs., LLC*, 80 AD3d 490 [1st Dept 2011]). MSI's argument that the motion was premature is unavailing. The mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny such a motion (*see Flores v City of New York*, 66 AD3d 599 [1st Dept 2009]; *Duane Morris LLP v Astor Holdings Inc.*, 61 AD3d 418 [1st Dept 2009]). Notably, MSI did not offer any affidavits from its employees or principals contradicting any of

the evidence submitted, despite the fact that they would have knowledge of the operative facts. Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Freedman, JJ.