■ FERNANDO C. DIAS, Respondent, v CITY OF NEW YORK et al., Appellants. [973 NYS2d 210]—

Order, Supreme Court, New York County (Louis B. York, J.), entered August 1, 2012, which granted plaintiff's motion for summary judgment on the issue of liability under Labor Law § 240 (1), unanimously affirmed, without costs.

Plaintiff, employed by defendants' subcontractor on the Second Avenue Subway Project, made a prima facie showing of his entitlement to judgment as a matter of law. He submitted, among other things, his deposition testimony that he was directing a backfill truck over a water main trench to a utility trench, when he fell through an unshielded opening in the water main trench (*see Reavely v Yonkers Raceway Programs, Inc.*, 88 AD3d 561 [1st Dept 2011]).

In opposition, defendants failed to raise a triable issue of fact. Although plaintiff's coworker's affidavit stated that plaintiff was directing the backfill truck to the water main trench before he fell into the trench, section 240 (1) was violated under either version of the accident (*see Romanczuk v Metropolitan Ins. & Annuity Co.*, 72 AD3d 592, 592 [1st Dept 2010]). Further, the backfilling of the trench had not yet commenced at the time of

plaintiff's accident. Accordingly, we reject defendants' argument that fully shielding the trench would have been contrary to the objectives of plaintiff's work (*compare Salazar v Novalex Contr. Corp.*, 18 NY3d 134, 139-140 [2011]). Nor was plaintiff the sole proximate cause of his accident. The safety devices provided—sheets of metal that partially covered the trench—were inadequate. Further, plaintiff's conduct in walking backwards while directing the truck was, at most, comparative negligence, which is not a defense under section 240 (1) (*see Vergara v SS 133 W. 21, LLC*, 21 AD3d 279, 281 [1st Dept 2005]).

The evidence plaintiff offered on reply was properly submitted in response to the evidence submitted and the arguments made by defendants in their opposition papers (*see Sanford v 27-29 W. 181st St. Assn.*, 300 AD2d 250, 251 [1st Dept 2002]). In any event, even if plaintiff's evidence were not considered, he would still be entitled to summary judgment. Concur—Sweeny, J.P., Renwick, Feinman and Clark, JJ.