■ NICK ADDONISIO et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [978 NYS2d 131]—

Judgment, Supreme Court, New York County (Saliann Scarpulla, J.), entered January 28, 2013, insofar as appealed from as limited by the briefs, dismissing the Labor Law § 241 (6) claims as against defendants Verizon New York, Inc., the City of New York, and Consolidated Edison, Inc., dismissing the Labor Law § 200 and common-law negligence claims as against Con Ed, and dismissing the common-law negligence claim as against defendants NYC & LI One Call/Dig Safely, Inc. and One Call Concepts, Inc., unanimously modified, on the law, to vacate the dismissal of the Labor Law § 241 (6) claim against the City, and the Labor Law § 200 and common-law negligence claims against Con Ed, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered April 19, 2012, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff Nick Addonisio was injured when, to excavate a roadway to install telecommunications equipment, he used a power saw to cut into a street intersection and struck a cable encased in a concrete conduit, owned by Con Ed, which electrocuted him. Defendants failed to establish that they should be relieved from liability on the ground that plaintiff cut further below ground than the maximum permissible depth and that this violation was the superseding cause of the injuries that occurred when his saw came into contact with the live cable (*see Verdi v Top Lift & Truck Inc.*, 50 AD3d 574 [1st Dept 2008]; *see also Soto v New York City Tr. Auth.*, 6 NY3d 487 [2006]). The risk that a worker would perform such an act was "the very reason" that defendants owed the worker a duty to comply with any safety standards applicable to the cable (*see McKinnon v Bell Sec.*, 268 AD2d 220, 221 [1st Dept 2000]; *see also Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 316 [1980]). Although the testimony of plaintiff's supervisor indicated that plaintiff had been warned of a live cable underground nearby, defendants failed to establish that plaintiff had actual knowledge of the hazard, rendering his conduct so reckless that it was the superseding or sole proximate cause of his accident (*compare Ziecker v Town of Orchard Park*, 75 NY2d 761 [1989], *with Tkeshelashvili v State of New York*, 18 NY3d 199 [2011]).

The court erred in dismissing the Labor Law § 200 and common-law negligence claims against Con Ed. The evidence raises an issue of fact whether Con Ed created a dangerous condition that caused plaintiff's accident (*see Picchione v Sweet Constr. Corp.*, 60 AD3d 510, 512 [1st Dept 2009]). Con Ed admitted that it installed the cable originally and did not install a protective plate above it. Con Ed's accident report attributed the accident, in part, to the lack of such a plate and the shallow depth of the cable.

Con Ed and Verizon both established that they cannot be held liable under Labor Law § 241 (6), since neither one was an owner, contractor, or statutory agent. Plaintiff's argument that Con Ed had a property interest in the site of the accident below ground is unavailing. Although a defendant can be deemed an owner for purposes of the statute without holding title to the property, Con Ed is not an owner under these circumstances, since there is no evidence that it contracted to have the work performed or had the authority to control the work site (*see Scaparo v Village of Ilion*, 13 NY3d 864 [2009]; *Grilikhes v International Tile & Stone Show Expos*, 90 AD3d 480, 483 [1st Dept 2011]). Similarly, although Verizon engaged plaintiff's employer to perform the excavation work in which plaintiff was

engaged when the accident happened, the evidence indicates that plaintiff's employer was the only entity with the requisite excavation permit, and Verizon did not have the right to control the site (see *Bart v Universal Pictures*, 277 AD2d 4 [1st Dept 2000]).

The City failed to demonstrate the inapplicability of, or its compliance with, Industrial Code (12 NYCRR) § 23-1.13 (b) (4), the sole regulation on which plaintiff relies for his Labor Law § 241 (6) claim. In any event, plaintiff raised issues of fact whether his accident was caused by a violation of the provision by submitting affidavits by two experts who explained that the cable was not de-energized, grounded, or effectively insulated, and that plaintiff was not provided with insulated protective gloves, body aprons and footwear while using a power saw that might make contact with underground electric power lines (see *DelRosario v United Nations Fed. Credit Union*, 104 AD3d 515 [1st Dept 2013]).

However, there is no basis for finding liability against NYC & LI One Call/Dig Safely, Inc. and One Call Concepts, Inc. (collectively, One Call) based on Con Ed's failure to fully mark the intersection where plaintiff was injured. A transcript of the conversation between plaintiff's employer, Empire City Subway, and the One Call operator indicates that One Call followed instructions. Although the One Call operator was first told the mark should be "starting from and including the intersection," when the operator said, "[S]tarting from the above intersection," the caller said, "Yes." The operator then read back the instructions, stating, "I have the installing of telephone conduit . . . that takes place on One Avenue intersecting with East Seventy-seven Street and that was to mark the street and the sidewalk. The marks starting from the above-intersection mark the east side of 1st Avenue going north for 100 feet. Is that correct?" The caller said, "Yes." One Call then properly transmitted the above information to Con Ed; thus, the absence of marks at the site of the injury cannot be attributed to One Call. Concur—Mazzarelli, J.P., Andrias, DeGrasse, Freedman and Gische, JJ.