(June 8, 2017)

■ Martin Gjeka et al., Respondents, v Iron Horse Transport, Inc., et al., Respondents, Re-Steel Supply Company, Inc., Respondent-Appellant, and 108-110 East 116th Street LLC, Appellant. Iron Horse Transport, Inc., et al., Third-Party Plaintiffs-Appellants, v 108-110 East 116th Street LLC, Third-Party Defendant-Respondent, et al., Third-Party Defendants. [56 NYS3d 304]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about June 21, 2016, which, insofar as appealed from as limited by the briefs, granted plaintiffs' cross

motion for partial summary judgment on the issue of liability on the Labor Law §§ 240 (1) and 241 (6) claims as against defendant 108-110 East 116th Street LLC (LLC) and for leave to amend the bill of particulars to allege violations of Industrial Code (12 NYCRR) §§ 23-1.7 (b) (1) and 23-4.2 (h), denied LLC's motion for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) claims, and granted LLC's motion for summary judgment dismissing the Labor Law § 200, common-law negligence, and common-law indemnification claims as against it, unanimously affirmed, without costs.

Plaintiff Martin Gjeka made a prima facie showing of entitlement to judgment as a matter of law on the Labor Law § 240 (1) claim, by submitting his and other witnesses' testimony that he was directing traffic around an unguarded trench in the road measuring approximately five to eight feet deep, which was being excavated to allow new sewer lines to be installed for a building owned by LLC, when a truck owned by defendant Iron Horse Transport, Inc. and driven by defendant Michael Busch, traveling about 25 or 30 miles per hour, struck plaintiff, causing him to fall into the trench. Such testimony, as well as plaintiff's two expert affidavits, established that his work exposed him to an extraordinary gravity-related risk, and that the absence of any safety device such as a barrier or safety railing around the trench was a violation of Labor Law § 240 (1) (*see Dias v City of New York*, 110 AD3d 577 [1st Dept 2013]). The testimony and plaintiff's expert affidavits further showed that a barrier on the west side of the pit, where plaintiff was working, would not have impeded the work of excavating dirt from the pit (*compare Dias* at 578, *with Salazar v Novalex Contr. Corp.*, 18 NY3d 134, 140 [2011]), notwithstanding the conclusory assertion to the contrary by LLC's expert. LLC's argument that the collision was unforeseeable is also unavailing (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315-316 [1980]).

The court properly exercised its discretion in granting plaintiffs' motion for leave to amend their bill of particulars, to allege violations of Industrial Code §§ 23-1.7 (b) (1) and 23-4.2 (h) in support of the Labor Law § 241 (6) claim, since an amendment to allege a specific section of the Industrial Code is appropriately permitted "in the absence of unfair surprise or prejudice . . . even where a note of issue has been filed" (*Walker v Metro-North Commuter R.R.*, 11 AD3d 339, 341 [1st Dept 2004]; *see also Harris v City of New York*, 83 AD3d 104, 111 [1st Dept 2011] [reversing denial of leave to amend]). Plaintiffs' failure to present any reasonable justification for the timing of

their amendment does not warrant reversing the court's exercise of discretion, in light of "the rule that leave to amend 'shall be freely given' " (*Wowk v Broadway 280 Park Fee, LLC*, 94 AD3d 669, 670 [1st Dept 2012], quoting CPLR 3025 [b]), and defendants' failure to show any prejudice.

Labor Law § 241 (6) imposes on owners a nondelegable duty to comply with specific safety regulations (*see Morton v State of New York*, 15 NY3d 50, 55 [2010]; *Misicki v Caradonna*, 12 NY3d 511, 517 [2009]). Industrial Code § 23-1.7 (b) (1) requires that "hazardous opening[s] into which a person may step or fall" must "be guarded by a substantial cover . . . or by a safety railing." Industrial Code § 23-4.2 (h) requires that "[a]ny open excavation adjacent to a . . . street, . . . or other area lawfully frequented by any person shall be effectively guarded." Both are plainly applicable to this case. LLC has failed to meet its burden to show that there was no violation of these two Industrial Code provisions, or that any such violation did not proximately cause plaintiff's injuries (*see Addonisio v City of New York*, 112 AD3d 554, 556 [1st Dept 2013]; *Smith v Broadway 110 Devs., LLC*, 80 AD3d 490, 491 [1st Dept 2011]).

The court properly dismissed the Labor Law § 200 and common-law negligence claims as against LLC, since the evidence showed that LLC's representative merely oversaw the progress and safety of the work performed in the nearby building involved with this construction project, and did not supervise the safety of the work being performed in the road. Moreover, the general oversight LLC exercised inside the building, even if applicable to the roadway work, did not rise to the level of supervisory control (*see Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc.*, 104 AD3d 446, 449 [1st Dept 2013]). For the same reasons, the court properly dismissed the common-law indemnification claim asserted by Iron Horse and Busch against LLC (*see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 378 [2011]; *87 Chambers, LLC v 77 Reade, LLC*, 122 AD3d 540, 542 [1st Dept 2014]). Concur—Acosta, P.J., Renwick, Mazzarelli, Gische and Gesmer, JJ.