Flores v Metropolitan Transp. Auth. (2018 NY Slip Op 05734)





Flores v Metropolitan Transp. Auth.


2018 NY Slip Op 05734


Decided on August 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 9, 2018

Friedman, J.P., Sweeny, Kapnick, Kahn, Oing, JJ.


161735/14 6581 6580

[*1]Rafael Flores, Plaintiff-Appellant-Respondent,
v
Metropolitan Transportation Authority, et al., Defendants-Respondents-Appellants.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant-respondent.
Landsman Corsi Ballaine & Ford, P.C., New York (William G. Ballaine of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Michael D. Stallman, J.), entered July 14, 2016, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim and the Labor Law § 241(6) claim, which is based on alleged violations of Industrial Code (12 NYCRR) §§ 23-6.1(h) and 23-8.2(c)(3), denied defendants' cross motion for summary judgment dismissing the Labor Law § 240(1) claim and the Labor Law § 241(6) claim based on an alleged violation of 12 NYCRR 23-8.2(c)(3), granted the cross motion as to the Labor Law § 241(6) claim based on an alleged violation of 12 NYCRR 23-6.1(h), and made findings of fact pursuant to CPLR 3212(g), unanimously modified, on the law, to the extent of granting plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim and § 241(6) claim based on 12 NYCRR 23-8.2(c)(3), and otherwise affirmed, without costs. Appeal from order, same court (Kathryn E. Freed, J.), entered November 27, 2017, which denied plaintiff's motion and defendants' cross motion for leave to renew and reargue, unanimously dismissed, without costs, as academic.
The motion court erred in denying plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim. Plaintiff established that the accident was proximately caused by defendants' failure to provide safety devices necessary to ensure protection from the gravity-related risks posed by the work he was engaged in, in violation of Labor Law § 240(1) (see Naughton v City of New York, 94 AD3d 1, 6-8 [1st Dept 2012]). Here, plaintiff fell off a flatbed truck after a load of steel beams, without tag lines, was hoisted above him by a crane, and began to swing towards him (compare Toefer v Long Is. R.R., 4 NY3d 399 [2005]). The risk of the hoisted load of beams with no tag lines triggered the protections set forth in Labor Law § 240(1) (see McLean v Tishman Constr. Corp., 144 AD3d 534 [1st Dept 2016]). Based on the same evidence, plaintiff also established his Labor Law § 241(6) claim insofar as the swinging beams lacked tag lines, a violation of 12 NYCRR 23-8.2(c)(3), which requires tag lines or certain other restraints to be used to avoid hazards posed by swinging loads hoisted by mobile cranes.
The motion court, however, correctly dismissed the Labor Law § 241(6) claim based on an alleged violation of 12 NYCRR 23-6.1(h) because that section does not apply to "cranes" (12 NYCRR 23-6.1[a]; see e.g. Scott v Westmore Fuel Co., Inc., 96 AD3d 520, 521 [1st Dept 2012]).
There is no longer an issue as to whether the City or any of the other defendants are [*2]proper party defendants under the Labor Law in this case, given defendants' counsel's concession at oral argument (see Dias v City of New York, 110 AD3d 577 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 9, 2018
CLERK