Ruiz v Roosevelt Terrace Coop., Inc. (2023 NY Slip Op 00189)

Ruiz v Roosevelt Terrace Coop., Inc.

2023 NY Slip Op 00189

Decided on January 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 17, 2023

Before: Kapnick, J.P., Friedman, Kennedy, Mendez, Shulman, JJ. 

Index No. 22868/18E Appeal No. 17105 Case No. 2021-03872 

[*1]Hector Aragon Ruiz, Plaintiff-Respondent,
v
Roosevelt Terrace Cooperative, Inc., et al., Defendants-Appellants-Respondents, Central Construction Management LLC, Defendant, AFP Twenty Eight Corp., Defendant-Respondent-Appellant.

Hannum Feretic Prendergast & Merlino, LLC, New York (Michael J. Caulfield of counsel), for appellants-respondents.
Mauro Lilling Naparty LLP, Woodbury (Seth M. Weinberg of counsel), for respondent-appellant.
The Law Office of Judah Z. Cohen, PLLC, Woodmere (Judah Z. Cohen of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered October 8, 2021, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 241(6) claim, and denied defendant DJM NYC, LLC's motion for summary judgment dismissing plaintiff's Labor Law § 200 claim against it, unanimously modified, on the law, to deny plaintiff's motion, and otherwise affirmed, without costs.
While performing demolition work in an underground parking garage, plaintiff was electrocuted. According to plaintiff, the electrocution occurred when the chisel of the jackhammer that he was using came into contact with an electrical conduit affixed in a concrete column. The electricity in the underground parking lot was supposed to be turned off while demolition work was being performed, and the presence of a live electrical conduit therein would have been a violation of Industrial Code (12 NYCRR) §§ 23-1.13(b)(3) and (4). However, other evidence in the record suggests that the electrocution resulted from a loose wire that struck plaintiff's leg. Because this conflicting evidence creates a triable issue as to the how plaintiff's injury came about, he was not entitled to partial summary judgment on his Labor Law § 241(6) claim predicated on the aforementioned Industrial Code provisions.
The court properly denied the branch of DJM's motion for summary judgment dismissing plaintiff's Labor Law § 200 claim against it, as there is an issue of fact as to whether its failure to turn off the electricity in the underground parking garage was a proximate cause of plaintiff's accident (see Addonisio v City of New York, 112 AD3d 554, 555 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 17, 2023