Rijo v YYY 62nd St. LLC

2026 NY Slip Op 02733

April 30, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Daulin Gabriel Rijo, Plaintiff-Respondent,

v

YYY 62nd Street LLC et al., Defendants-Appellants. &lsqb;And a Third-Party Action&rsqb;.

Decided and Entered: April 30, 2026

Index No. 27539/18|Appeal No. 6492|Case No. 2025-06464|

Before: Kennedy, J.P., Gesmer, González, Rosado, Chan, JJ.

Kahana & Feld LLP, New York (Samantha Velez of counsel), for appellants.

Gorayeb & Associates, P.C., New York (Jonathan D. Moran of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Matthew Parker-Raso, J.), entered on or about August 29, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) claim and denied defendants' cross-motion for summary judgment dismissing plaintiff's Labor Law § 240(1) claim, unanimously affirmed, without costs.

Supreme Court properly granted plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) claim. Plaintiff's uncontradicted testimony established that, as he was walking to his work area he slipped on gravel and fell into a trench that was approximately four-feet wide and varied in depth, with the deepest part reaching 10 to 12 feet. The trench, which had a makeshift staircase or pathway for workers to use to enter the space, was dug along the faÇade of the building so that work could be completed on the building's foundation. The trench did not have any guardrails to stop a worker from falling in (see Altamirano v Frick Collection, 245 AD3d 401, 401 [1st Dept 2026]; Gjeka v Iron Horse Transp., Inc., 151 AD3d 463, 464 [1st Dept 2017]).

In opposition, defendants failed to raise an issue of fact. Defendants' argument that any safety device that would have prevented the accident would have been impractical, illogical, or contrary to the work is unpersuasive. Even if a covering over the trench would have been contrary to the work, defendants fail to point to any evidence of a work-related reason for the absence of a guardrail (see Wilson v AC 320 Hotel Partners LLC, 238 AD3d 581, 582 [1st Dept 2025]; cf. Salazar v Novalex Contr. Corp., 18 NY3d 134, 140 [2011]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 30, 2026