■ Wojciech Rzymski, Respondent, v Metropolitan Tower Life Insurance Company et al., Appellants. (And Another Action.) [942 NYS2d 530]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered August 29, 2011, which granted plaintiff's motion for summary judgment as to liability on his cause of action pursuant to Labor Law § 240 (1) and denied defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, a steam fitter, was installing one end of a steel pipe that weighed approximately 250 pounds, and was 20 feet long and four inches wide, into a clevis hanger when the other side of the pipe that had previously been installed, came loose, causing the pipe to strike him in the head and knock him off the ladder on which he was standing. Under these circumstances, the motion court correctly granted plaintiff's motion for partial summary judgment on his cause of action pursuant to Labor Law § 240 (1). Plaintiff established his entitlement to judgment as a matter of law by demonstrating that his claims encompass both a falling object and a fall from an elevation due to inadequate safety devices (*see e.g. Kosavick v Tishman Constr. Corp. of N.Y.*, 50 AD3d 287, 288 [2008]). Defendants failed to raise an issue of fact in opposition to the motion.

The motion court also correctly denied defendants' cross motion to dismiss the cause of action pursuant to Labor Law § 241 (6), which is predicated on a violation of 12 NYCRR 23-1.8 (c). The record reflects an issue of fact concerning whether safety hats, i.e., hard hats, were available on site.

We have considered defendants' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ.