Rivera v 712 Fifth Ave. Owner LP (2024 NY Slip Op 03562)

Rivera v 712 Fifth Ave. Owner LP

2024 NY Slip Op 03562

Decided on July 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 02, 2024

Before: Renwick, P.J., Manzanet-Daniels, Kennedy, Mendez, Michael, JJ. 

Index No. 155344/20, 595222/22 Appeal No. 1964 Case No. 2022-05625 

[*1]Angel Roman Caguana Rivera, Appellant,
v
712 Fifth Avenue Owner LP et al., Respondents.
712 Fifth Avenue Owner LP et al., Third-Party Plaintiffs-Respondents,
v
The O'Mara Organization, Inc., et al., Third-Party Defendants.

Gorayeb & Associates, P.C., New York (John M. Shaw of counsel) for appellant.
Kennedys CMK LLP, New York (Ian J. Antonoff of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered October 12, 2022, which denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim against defendant 712 Fifth Avenue Owner LP, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim should have been granted. Plaintiff made a prima facie case through his own testimony, which establishes that at the time of his accident, he was working in a building owned by defendant, which was undergoing demolition and renovations. Specifically, plaintiff was directed to remove metal ductwork from the ceiling of a bathroom on the 35th floor of the building. Plaintiff was provided with an A-frame ladder to reach the ductwork, located approximately 10 to 12 feet above the floor. No other safety device was provided to plaintiff. Plaintiff initially performed the work with another worker. However, on the day of the accident, no other person was assigned to assist him with the ductwork removal.
Plaintiff performed this task for approximately two hours before his fall. He was standing on the fourth rung of the ladder, cutting a portion of the ductwork, when it suddenly fell and hit him and the ladder. The impact of the duct caused plaintiff and the ladder to tip to the left and fall to the floor. Plaintiff was rendered unconscious when he fell and was transported to a hospital.
Labor Law § 240(1) "mandates that owners and contractors provide devices which shall be so constructed, placed and operated as to give proper protection to persons performing work covered by the statute" (Montalvo v J. Petrocelli Constr., Inc., 8 AD3d 173, 174 [1st Dept 2004] [internal quotation marks omitted]). As the building owner, defendant had the duty to provide proper protection to plaintiff, a worker, pursuant to section 240(1) (see Zimmer v Chemung County Performing Arts, Inc., 65 NY2d 513, 520 [1985], citing Koenig v Patrick Constr. Corp., 298 NY 313, 318 [1948]).
For purposes of liability under section 240(1), "[i]t is sufficient . . . that adequate safety devices to prevent the ladder from slipping or to protect the plaintiff from falling were absent" (Montalvo, 8 AD3d at 175 [internal quotation marks omitted]). Here, plaintiff's testimony that he was not provided with any other safety protection except an unsecured ladder, which fell along with plaintiff when both were hit by the duct, established prima facie entitlement to judgment as a matter of law (see Kosavick v Tishman Constr. Corp. of N.Y., 50 AD3d 287, 288—89 [1st Dept 2008] [granting the plaintiff summary judgment under section 240(1) where the plaintiff "had not been provided with adequate safety devices . . . nor was anyone holding the ladder" when both he and the A-frame ladder he was standing on were suddenly struck by a section of pipe he cut, causing him to fall]; Granillo v Donna Karen Co., 17 AD3d 531, 531 [2d Dept [*2]2005] ["The plaintiff demonstrated, prima facie, that he fell from an unsecured ladder, and that the failure to secure the ladder was the proximate cause of his injuries"], lv dismissed and denied 5 NY3d 878 [2005]).
Plaintiff was not required to prove the ladder was defective (see Estrella v GIT Indus., Inc., 105 AD3d 555, 555 [1st Dept 2013]) or that the ladder fell (see Rzymski v Metropolitan Tower Life Ins. Co., 94 AD3d 629, 629 [1st Dept 2012]). Additionally, that plaintiff was the sole witness to the accident does not preclude a finding of summary judgment in his favor (see Wise v McDonald Ave., 297 AD2d 515, 517 [1st Dept 2002]).
In opposition, defendant failed to raise a triable issue of fact as to whether plaintiff was the sole proximate cause of his accident. Defendant pointed to two accident reports in which the authors stated they were told that plaintiff lost his balance, but there were no witnesses to the accident. Neither report was corroborated by sworn deposition testimony, nor did they identify the source of the information. The reports consist entirely of hearsay and are insufficient to warrant denial of plaintiff's motion for partial summary judgment (see e.g. Garcia v 122-130 E. 23rd St. LLC, 220 AD3d 463, 464 [1st Dept 2023]).
Defendant's reliance on the expert affidavit of Bernard Lorenz, P.E. is misplaced, as the opinion is based solely on speculation and thus fails to raise an issue of fact. Lorenz failed to examine the ladder, the ductwork, or the room in which the ductwork was located (see Ciborowski v 228 Thompson Realty, LLC, 189 AD3d 428, 429 [1st Dept 2020]; Merino v Continental Towers Condominium, 159 AD3d 471, 473 [1st Dept 2018]). Moreover, his assertion that the ladder was not defective and that if the ladder fell, the fall was caused by plaintiff, was mere conjecture and insufficient to rebut plaintiff's testimony.
Furthermore, defendant's claim that plaintiff's testimony was inconsistent when he stated he fell with the ladder but subsequently stated he did not remember anything about how the ladder fell, is inaccurate and unavailing. Plaintiff consistently testified the accident occurred because the duct fell and hit him and the ladder. This testimony is unrefuted by defendant. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 2, 2024