Molina v 114 Fifth Ave. Assoc., LLC (2024 NY Slip Op 05058)

Molina v 114 Fifth Ave. Assoc., LLC

2024 NY Slip Op 05058

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Webber, J.P., Kapnick, Kennedy, Scarpulla, Shulman, JJ. 

Index No. 156349/16 Appeal No. 2824 Case No. 2022-01708 

[*1]Jose Molina, Plaintiff-Respondent,
v
114 Fifth Avenue Associates, LLC, et al., Defendants-Appellants. Commercial Construction Management, Inc., Third-Party Plaintiff-Appellant,

Baker Patterson Nichols, LLP, Valhalla (Douglas Langholz of counsel), for appellants.
Hogan & Cassell, Jericho (Michael Cassell of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered October 8, 2021, which granted plaintiff's motion for summary judgment on liability on his cause of action under Labor Law § 240(1), unanimously affirmed, without costs.
Plaintiff, a steam fitter, had just finished installing a run of fire suppression system piping when a rod and shield affixing one of the segments of the pipe to the ceiling broke free and the pipe fell onto his neck and shoulder.
Plaintiff established his entitlement to judgment on liability by submitting evidence in the form of deposition testimony, a coworker's affidavit, and an employee claim form, showing that his claims involved a falling object as well as a fall from an elevation caused by inadequate safety devices (see e.g. Rzymski v Metro. Tower Life Ins. Co., 94 AD3d 629, 629 [1st Dept 2012]; see also Matthews v 400 Fifth Realty, LLC, 111 AD3d 405, 405 [1st Dept 2013]; Gericitano v Brookfield Properties OLP Co. LLC, 157 AD3d 622, 622 [1st Dept 2018]).
In opposition, defendants failed to raise a triable issue of fact. The evidence that defendants presented in opposition to plaintiff's motion failed to impugn plaintiff's credibility or that of his coworker (see Ortiz v Burke Ave. Realty, Inc., 126 AD3d 577, 578 [1st Dept 2015]).
Moreover, for plaintiff to succeed on his Labor Law § 240(1) claim, it is not necessary that the falling object be in the process of being hoisted or secured (Quattrocchi v F.J. Sciame Constr. Co., 11 NY3d 757, 759 [2008]). Nor can this pipe, which was just installed by plaintiff moments before it fell on him, be considered a permanent part of the building (Rzymski, 94 AD3d at 629).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024