Rivera v 454 W. 57th St. Holding LLC (2025 NY Slip Op 01328)

Rivera v 454 W. 57th St. Holding LLC

2025 NY Slip Op 01328

Decided on March 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 11, 2025

Before: Webber, J.P., Kapnick, González, Scarpulla, Michael, JJ. 

Index No. 28368/18|Appeal No. 3852|Case No. 2023-03884|

[*1]Norman Rivera, Plaintiff-Respondent,
v
454 West 57th Street Holding LLC et al., Defendants-Appellants. [And a Third-Party Action]

Kahana & Feld LLP, New York (David Cheng of counsel), for appellants.
Gorayeb & Associates, P.C. New York (John M. Shaw of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered July 25, 2023, which granted plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) claim, unanimously affirmed, without costs.
Plaintiff and his coworkers were replacing a drainpipe at a building owned by defendants when a section of the drainpipe allegedly fell and struck plaintiff in the face, injuring him.
The court properly granted plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) claim. Plaintiff established that the pipe "required securing for the purposes of the undertaking" (Rivas v Seward Park Hous. Corp., 219 AD3d 59, 64 [1st Dept 2023]). Plaintiff properly raised that argument in his reply to defendants' opposition below (see Sanford v 27-29 W. 181 St. Assn., 300 AD2d 250, 251 [1st Dept 2002]). Plaintiff testified that the sections of the pipe were attached to each other with a coupling and screws, and the pipe was attached to the wall of the building with metal hooks, which were hammered into the wall. Contrary to defendants' contention, plaintiff established that the screws and metal hooks were inadequate safety devices (see Rzymski v Metropolitan Tower Life Ins. Co., 94 AD3d 629, 629 [1st Dept 2012]; see also Delcid v Park Ave. Christian Church [Disciples of Christ], 231 AD3d 666, 666 [1st Dept 2024]). The pipe could not be considered a permanent part of the building, given that it was installed by plaintiff and his coworkers just moments before it fell on him (see Molina v 114 Fifth Ave. Assoc. LLC, 231 AD3d 543, 544 [1st Dept 2024]).
We decline to consider defendants' unpreserved argument that plaintiff did not know why the pipe fell because he did not see it before it hit him, "since it is not a purely legal argument apparent on the face of the record but depends on facts not brought to [plaintiff]'s attention on the motion" (Straughter v Thor Shore Parkway Devs., LLC, 199 AD3d 434, 435 [1st Dept 2021]). In any event, plaintiff did not need to show the exact circumstances of how the pipe came to strike him (see Pados v City of New York, 192 AD3d 596 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2025