| |
|---|
| **Riera v New York City Hous. Auth.** |
| 2024 NY Slip Op 34664(U) |
| April 28, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 159927/2021 |
| Judge: Phaedra Perry-Bond |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:** <u>**HON. PHAEDRA F. PERRY-BOND**</u>    **PART**    **35**

*Justice*

------------------------------------------------------------------------X

JAIME P. RIERA,

Plaintiff,

- v -

NEW YORK CITY HOUSING AUTHORITY,

Defendant.

------------------------------------------------------------------------X

| INDEX NO. | 159927/2021 |
|---|---|
| MOTION DATE | 01/23/2025 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed Documents, listed by NYSCEF Document number (Motion 004) 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 100, 101, 102, 110, 111

were read on this motion to/for    <u>    PARTIAL SUMMARY JUDGMENT    </u>.

## <u>This case was recently administratively assigned to Part 35</u>

Upon the foregoing Documents, plaintiff's motion for summary judgment on the issue of liability related to his Labor Law § 240(1) claim is granted; and plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 241(6) claim is academic.

## BACKGROUND

Plaintiff, Jaime P. Riera, (Plaintiff) moves for partial summary judgment on the issue of liability on Plaintiff's cause of action under Labor Law § 240(1). For the reasons discussed below the motion is granted.

On November 2, 2021, Plaintiff, Jaime P. Riera, commenced this action against defendant, New York City Housing Authority (Defendant), to recover for personal injuries he allegedly sustained on July 22, 2021, while performing construction work at the building located at 70 Amsterdam Avenue, in Manhattan (the "Building"). The complaint alleges violations of Labor Law §§ 200, 240(1) and 241(6). Defendant owns the building and engaged Pizzarotti, LLC (Pizzarotti) to perform Façade restoration and to install a new roofing. The parties completed discovery, Plaintiff filed a note of issue on May 17, 2024, and Plaintiff now moves for partial summary judgment on his Labor Law § 240(1) claim.

Plaintiff was employed as a mason's tender by Pizzarotti a construction contractor that contracted with Defendant, to perform pointing and brick replacement as well as roofing work. Plaintiff was on a scaffold deck while bricks were being lowered from the rooftop by Javier

Tolentino (Tolentino), a Pizzarotti employee, through a space created by moving the scaffold planks aside. The plastic bucket which was tied to a rope used to lower the bucket of bricks. Mr. Tolentino was being supervised by Faisar Mehmood, a "competent person" who was also on the roof. Plaintiff testified during his deposition that he was given his assignment by his supervisor (NYSCEF Doc No.72, Exh 4). The handle broke on the bucket containing the seven (7) bricks and fell onto the Plaintiff below, causing him injury.

## ARGUMENTS

Plaintiff argues that the facts in this case present a clear and indefensible violation of Labor Law § 240(1) in that Defendant is absolutely liable for violating Labor Law § 240(1) by failing to provide proper protection from the danger of materials being lowered from a level above. Plaintiff argues that the statute imposes upon the owner and general contractor an absolute and non-delegable duty to assure compliance with the statute on the construction site. Further Plaintiff argues that the "absolute aspect of the statutory liability precludes any defense of contributory or comparative negligence by the employee and that the statutory liability is so strict in that negligence of the Defendant need not be proved. Plaintiff maintains that the device, which had been provided by Plaintiff's employer for the purpose of lowering the bricks failed to provide "proper protection" as required by the statute. Plaintiff contends that Mr. Mehmood, the supervisor and Mr. Tolentino, an employee, were fired after the accident for engaging in unsafe acts and working in unsafe manner (NYSCEF Doc Nos. 89, 87, Plaintiff's Exhs 5 at 2; 3 at 90) on the jobsite. Plaintiff maintains that an electric hoist was available to lower the bricks, but the supervisor opted not to use it.

Defendant argues that Labor Law § 240(1) does not apply in cases where an object is deliberately dropped, when a falling object is deliberately dropped or thrown, as part of the methods of the work being performed. In addition, Defendant argues that Plaintiff does not establish Labor Law § 240(1) liability by stating a bucket of bricks fell on him or that a bucket of bricks "failed". Rather, they contend that Plaintiff must also prove that the specific violation was both the actual and proximate cause of the accident. Defendant asserts that according to the deposition testimony of Hassan Saffri, the safety manager for the project, the Plaintiff was improperly standing under a "live load" against protocol (NYSCEF Doc No.71, Exh 3 at 63:19-64:21). They contend that the testimony of Tolentino and Saffri establishes a triable issue of fact as to whether Plaintiff knew that bricks were being dropped at the location, whether Plaintiff was standing in an area where the bricks were expected to be dropped, and where Plaintiff was receiving bricks from Tolentino at the moment the accident occurred. Further, Defendant argues there is an issue of fact as to whether this accident was caused by the lack of an enumerated safety device within the meaning of the statute or whether the accident was instead caused by the means and methods of Pizzarotti's work – deliberately dropping the bucket of bricks with a rope hand-by-hand. Defendant also argues that Plaintiff removed the scaffolding earlier that day, and that Plaintiff was improperly standing under a "live load" against protocol.

**159927/2021  RIERA, JAIME P. vs. NEW YORK CITY HOUSING AUTHORITY**                    **Page 2 of 6**
**Motion No.  004**

2 of 6

[* 2]

## <u>LABOR LAW § 240(1) CLAIMS</u>

Plaintiff now moves for an order granting summary judgment on Labor Law § 240(1). Not every worker who falls at a construction site, and not every object that falls on a worker, gives rise to the extraordinary protections of Labor Law § 240 (1). Rather, liability is contingent upon the existence of a hazard contemplated in section 240 (1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]).

Pursuant to Labor Law § 240(1):

> All contractors and owners and their agents . . . who contract for but do not control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

Labor Law § 240(1) was enacted to protect workers from hazards related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of materials or load being hoisted or secured (*Rocovich v. Consolidated Edison*, 78 NY2d 509, 514, 583 [1991]). Liability under this provision is contingent upon the existence of a hazard contemplated in § 240(1) and a failure to use, or the inadequacy of, a safety device of the kind enumerated in the statute (*Narducci v. Manhasset Bay Assoc.*, 96 NY2d 259, 750 [2001]). Owners and contractors are subject to absolute liability under Labor Law § 240(1), regardless of the injured worker's contributory negligence (*Bland v. Manocherian*, 66 NY2d 452, 488 [1985]). Only if the plaintiff was the sole proximate cause of his injuries would liability under this section not be attached (*Robinson v. East Medical Center, LP*, 6 NY3d 550 [2006]). In the instant case, there is no evidence that the Plaintiff caused the bucket of bricks to fall on him.

The courts have found that Labor Law § 240(1) applies to both "falling worker" and "falling object" cases (*Narducci*, 96 NY2d at 267). With respect to falling objects, Labor Law § 240 (1) applies when the falling of the object "is related to 'a significant risk inherent in ... the relative elevation ... at which materials or loads must be positioned or secured'. Thus, for § 240 (1) to apply, a plaintiff must show more than simply that an object fell causing injury to a worker. A plaintiff must show that the object fell, while being hoisted or secured, because of the absence or inadequacy of a safety device of the kind enumerated in the statute. (*Id.* at 267-268). Thus, a plaintiff can take the position that there is liability under § 240(1) either because there was a falling object or that there was a fallen worker or that there was both a falling worker and a fallen object

**159927/2021  RIERA, JAIME P. vs. NEW YORK CITY HOUSING AUTHORITY**
**Motion No.  004**

Page 3 of 6

(see *Rzymski v. Metropolitan Tower Life Ins. Co.*, 94 AD3d 629 [1st Dept 2012] [plaintiff established his right to summary judgment on Labor Law § 240(1) claim by demonstrating that his claims encompass both a falling object which was not adequately secured and a fall from an elevation due to inadequate safety devices]).

Here, it is undisputed that a bucket tied with a rope was being used to lower bricks to the Plaintiff, that the handle of the bucket broke causing the bricks to fall on the Plaintiff, and that there was an available electrical hoist on the rooftop that could have been used. Further, the site safety manager for the project, Mr. Saffri, testified that the supervisor on the roof at the time of the accident was Mohammed Mehmood, and that he could have used the electric hoist but opted not to use it so (NYSCEF Doc No.71, Ex. 71 at 94:4-8). Additionally, Mr. Tolentino testified during his deposition that he was instructed to use the bucket to lower the bricks by his foreman (NYSCEF Doc No.75, Ex. 7, Pg., 29: 2-25, 30:2-25). Further, Defendant's "Construction Safety & Quality Department Report (CSQ report")  generated after the accident, stated that the accident occurred:

> Due to lack of supervision, workers engaged in unsafe activities by hoisting down a load of bricks in a bucket not intended for such purpose, overloaded this bucket which caused the handle to separate from the bucket and release the load to drop down and injured a worker (NYSCEF Doc. 78, Ex. 10).

Defendant claims there is an issue of fact because Tolentino testified during his deposition that Plaintiff had removed the scaffolding planks the bricks were lowered through earlier that day (NYSCEF Doc No.75, Ex. 7 at 29:18-22, 30:3-18), The Court notes that Tolentino also testified that when he arrived at work the planks were already removed and that since he was working and lowering the bricks to Plaintiff, he assumed Plaintiff removed them because Plaintiff was working below him (*Id.* at 30: 3-25, 31:7-13).

## PROXIMATE CAUSE DEFENSE

Defendant argues that the Plaintiff's conduct, standing under a "live load" was the proximate cause of his injuries. Under § 240(1), contributory negligence is not a defense (*Hernandez,* 307 AD2d 207). To further elucidate, "Absolute liability' in the context of a Section 240(1) claim does not necessarily mean strict liability, but rather that: (1) a plaintiff's recovery will not be reduced due to another party's [or his or her own] comparative negligence; and (2) the statute imposes a nondelegable duty." (*Guenther,* 561 F Supp 2d).

Instead, the defendant may argue the plaintiff was the "sole proximate cause" of the accident, which requires that, "adequate safety devices were available[,] . . . the plaintiff knew that they were available and was expected to use them, and that the plaintiff unreasonably chose not to do so, causing the injury sustained." (*Nacewicz,* 105 AD3d 402; *Gallagher,* 14 NY3d 83). In the instant case, Defendant asserts that an adequate safety device to lower the bricks was present on site; however, it did not establish whether (1) Plaintiff knew appropriate equipment, was on site,

**159927/2021   RIERA, JAIME P. vs. NEW YORK CITY HOUSING AUTHORITY**                               **Page 4 of 6**
**Motion No.  004**

4 of 6

[* 4]

and if so; (2) he knew where he could find it (3) he knew he was expected to use the equipment; or (4) he unreasonably chose to do so at his own peril.

Importantly, while it is true that liability under § 240(1) does attach "if adequate safety devices are available at the job site, but the worker either does not use or misuses them," "[t]he mere presence of ladders or safety belts somewhere at the worksite does not establish 'proper protection." (*Robinson*, 6 NY3d 550; *Zimmer v Chemung County Performing Arts, Inc.*, 65 NY2d 513, 524 [1985]) (emphasis added) Furthermore, a standing order to use safety devices does not raise a question of fact that the plaintiff knew that safety devices were available and unreasonably chose not to use them (*Gallagher*, supra at 89). Instead, the owner or contractor must breach the statutory duty under §240(1) to provide a worker with adequate safety devices, and this breach must proximately cause the worker's injuries (*Robinson*, 6 NY3d 550).

As previously discussed, it is undisputed that Tolentino was using a bucket to lower bricks to the Plaintiff, that the handle on the bucket broke causing the bricks to hit and injure the Plaintiff, and that an electric hoist was available to use to lower the bricks. There is nothing in the record to suggest that Plaintiff knew about the electric hoist, was instructed to use the electric hoist or any other method and failed to do so.

Notably, Plaintiff testified during his deposition that he reported to his supervisor Mohammed, who would advise him of his duties for that day (NYSCEF Doc. 72 at 14:2-25, 15:2-6).

## <u>Summary Judgment on the § 240(1) Claim is Granted</u>

"To obtain summary judgment it is necessary that the movant establish his cause of action or defense 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor and he must do so by tender of evidentiary proof in admissible form (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). A court may grant summary judgment where there is no genuine issue of material fact, and the moving party has made a prima facie showing of entitlement to a judgment as a matter of law (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]); ("The presentation of a shadowy semblance of an issue is insufficient to defeat summary judgment"). The moving party's burden is to tender sufficient evidence to demonstrate the absence of any material issue of fact. (*Ayotte v Gervasio*, 81 NY2d 1062 [1993]).

Plaintiff must prove "both that the statute was violated, and that the violation was a proximate cause of his injury," to evince his § 240(1) claim (*Blake v. Neighborhood Hous. Servs. of N.Y. City, Inc.*, 1 N.Y.3d 280). In the instant case, Plaintiff has established his prima facie case by both demonstrating that the statute was violated, tying a rope around the handle of a bucket to lower bricks to an employee was not an adequate or secure method – thus, the breaking of the

**159927/2021  RIERA, JAIME P. vs. NEW YORK CITY HOUSING AUTHORITY**
**Motion No. 004**

Page 5 of 6

5 of 6

handle, the bricks falling out of the bucket and hitting the Plaintiff was the proximate cause of his injuries (as defendant has not pointed to other potential causes). He is entitled to "partial summary judgment on his . . § 240(1) claim . . . [because he] established by proof that the ladder provided collapsed under . . . [him] while he . . . was engaged in an enumerated task." (*Soriano v St. Mary's Indian Orthodox Church of Rockland, Inc.,* 118 AD3d 524 [1st Dept 2014]; citing *Carchipulla v 6661 Broadway Partners, LLC,* 95 AD3d 573–74 [1st Dept 2012]; *Harrison v V.R.H. Constr. Corp.,* 72 AD3d 547 [1st Dept 2010]).

As Plaintiff has met his prima facie burden of showing a Labor Law § 240(1) violation, and Defendant has failed to raise a material issue of fact in opposition, Plaintiff's motion for summary judgment on the issue of liability pursuant to Labor Law § 240(1) is granted. The issue of damages on plaintiffs Labor Law § 240 (1) claim will be determined at the trial of the action.

## CONCLUSION

Accordingly, it is:

ORDERED, that PLAINTIFF'S motion for summary judgment on the issue of liability related to his Labor Law § 240(1) claim is granted; and it is further

ORDERED, that PLAINTIFF'S motion for summary judgment on the issue of liability on his Labor Law § 241(6) claim is academic; and it is further

ORDERED that, within twenty (20) days after this decision and order is uploaded to NYSCEF, counsel for PLAINTIFF shall serve a copy of this decision and order, with notice of entry, on the DEFENDANT, as well as, the Clerk of the Court, who shall enter judgment; accordingly.

This constitutes the Decision and Order of the Court.

Enter: 4/28/24

PHAEDRA PERRY-BOND, J.S.C.

**159927/2021   RIERA, JAIME P. vs. NEW YORK CITY HOUSING AUTHORITY**
**Motion No.  004**

Page 6 of 6

6 of 6